■Wheeler, J.
Tiie ground mainly relied on fora reversal of the judgment, and the only one which it is deemed material to consider, respects tlie validity of the judgment upon which the suit was brought. And this must depend upon the jurisdiction of tile County Court to render that judgment.
By tlie law in force at tlie time (1841) it was competent for the executor to resign his trust, and thus dissolve t.he fiduciary relation between himself and tlie'succession. (Acts 1S40, p. 114, sec. 9.) This the petition alleges the defendant liad done, and up to andón the 29th day of August, 1848, .after the adoption of the State Constituí ion and the organization of tiie courts under it, when lie entered the Comity Court for tiie purpose of obtaining' a settlement of Ids accounts with the estate, lie seems to have susiained to it no other relation (lian (lint of any other person between whom and the estate there were unsettled demands'.
Was the County Court competent to entertain and adjudicate the respective claims of lhe parties? That it was not, unless in consequence of the fiduciary relat ion which liad formerly existed between tlie defendant and tlie estate, wiii be conceded. But it is not perceived that that relation affected in any respeef. l heir then existing rights. By tiie law then in force tiie executor could not have resigned and become discharged of his trust until he had first accounted for and delivered (he estate to some party entitled to receive it. (Acts 1848, p. 248, see. 37.) But we are not aware of any provision of tlie law then in force which gave tlie Comity Court any authority or jurisdiction over executors or administrators who had resigned under tlie former law, which, authorized such resignation.
If tlie defendant was a creditor of the estate, tiie law required that he should present his claim to the executor for allowance; if allowed, lie could then present it to the chief justice of the County Court for approval; but if disallowed by tlie executor, lie must have resorted to another tribunal, and the County Court had no jurisdiction over the subject. Or if, on tiie other hand, he was a debtor to the estate, it mattered not how that indebtedness originated, tiie remedy of the estate was by suit against him in a jurisdiction other than the County Court.
The relation of the defendant to the estate of his former intestate cannot be distinguished in principle from that of a mere creditor or debtor to the estate. Tho County Court, therefore, had no jurisdiction to adjudicate tiie matters in controversy between him and tlie estate, or to render tlie judgment in question.
But it is insisted that, although (he County Court had not jurisdiction to render that judgment, stiff (he. petition states sufficient facts ío show a cause of action. We think otherwise. Tlie only cause of action or ground of indebtedness stated or referred to in !he petition is this judgment of the Comity Court. The grounds of the judgment are not stated, but it alone is relied on as tlie plaintiff’s cause of action. It, being void for the want of jurisdiction in tlie County Court, could of course give no right of ae.lion. and it follows that tiie judgment of the court, overruling the exceptions lo the petition and *67 firing judgment for the plaint-ill, is erroneous and must be i-eversed. As, however, the plaintiff may so amend as to show a cause of action, the cause will be remanded to afford him that opportunity and for further proceedings.
Judgment reversed.