## E. E. FORT ET AL. V. O. A. FITTS, ET AL.

(Case No. 2078.)

1. PRACTICE—JURISDICTION—DISTRICT COURT—ADMINISTRATOR'S BOND—DEVASTAVIT
—The district court has jurisdiction of the subject matter of a suit against the sureties on the bond of an administrator to recover money, belonging to the estate, alleged to have been received and converted by him.

2. SAME—PARTIES—In case an administrator *de bonis non* has been appointed, he is the proper plaintiff in such a suit. (R.S., 1960.) But in case no administrator *de bonis non* has been appointed, and there be no debts, the suit can be instituted by the heirs or other distributees of the estate. (Following, Giddings *v.* Steele, 28 Tex., 733 ; Bufford *v.* Halliman, 10 Tex., 560 ; Patton *v.* Gregory, 21 Tex., 513.)

3. CASE COMPARED—Timmins *v.* Bonner, 58 Tex., 554, compared.

APPEAL from Upshur. Tried below before the Hon. Felix J. McCord.

This was an action in the district court of Upshur county, Texas, by Mrs. E. H. Smith, the surviving wife, Laura C. Fort, with her husband, E. E. Fort, and Richard J. Atkinson, the surviving children of Alfred Atkinson, deceased, against O. A. Fitts and S. M. Smith, sureties, and Mrs. Ann Fitts, the surviving wife of James Wilburn, another surety on the bond of D. C. Boger, deceased, administrator of the estate of Alfred Atkinson, to recover the sum of $16,000, the value of that estate over and above all indebtedness against it, and also $500 allowed Mrs. E. H. Smith by an order of the county court of Upshur county, Texas, as a year's support.

On July 12, 1886, the exception to the jurisdiction of the court, contained in defendants' answer, was sustained.

*Allen & Vesey*, for appellant, cited: Francis *v.* Northcote, 6 Tex., 185; Martel *v.* Martel, 17 Tex., 391; White *v.* Gardiner, 37 Tex., 407; Buchanan *v.* Bilger, 64 Tex., 591; 1 Pome. Eq. Jur., sec. 351; Giddings *v.* Steel, 28 Tex., 733; Ponton *v.* Bellows, 22 Tex., 681; Sloan *v.* Sayers, 33 Tex., 391; Const. of 1876, Art. 5, sec. 8; 3 Pome. Eq. Jur., 103 *et seq.*; 1 Pome. Eq. Jur., sec. 351.

No briefs on file for appellees.

WILLIE, CHIEF JUSTICE. This is a suit brought by the heirs of Alfred Atkinson, deceased, to recover from the sureties on the bond of his administrator, D. C. Boger, the sum of $16,000 belonging to the estate of said deceased, and alleged to have come into the hands of said Boger, as such administrator, and to have been converted to his own use. Boger was dead when the suit was filed, and his estate is al-

leged to be insolvent. No administration *de bonis non* had been taken out on the estate of Atkinson, and no debts existed against it. A demurrer was sustained to the petition below on the ground that the district court had no jurisdiction of the subject matter of the suit, and the correctness of this ruling is the only matter before us for consideration.

Our constitution grants to the district court jurisdiction of all suits where the matter in controversy shall be valued at or amount to $500 exclusive of interest. This would, as a general rule, give the district court cognizance of a suit upon bond to recover the amount claimed in this action. To this general rule we cannot see why an administrator's bond should form an exception. The constitution does not so provide, and there is nothing in the nature of the bond, or in its connection with the administration of an estate, which requires that redress for a breach of its covenants should be sought in another forum. The bond is conditioned for the true and faithful performance of all the duties of the administrator under his appointment. This condition is broken by a misappropriation of assets, such as is charged in this petition. A suit upon the bond in behalf of the parties to whom the wasted assets would have gone but for the *devastavit* and against the administrator and his sureties is provided for by the statute itself. In case an administrator *de bonis non* has been appointed he is plaintiff in the suit. R. S., Art. 1960. But in case there be no such appointment, and there are no debts, upon principles frequently announced in this suit, the heirs or other distributees of the estate may institute the action. Gidding *v.* Steele, 28 Tex., 733; Buffard *v.* Holliman, 10 Tex., 560; Patton *v.* Gregory, 21 Tex., 513.

It is a suit having a contract as cause of action, and parties plaintiff and defendant; either party may call a jury, and the judgment in the case is enforced by execution. The machinery of the district court is peculiarly adapted to the trial of such a cause, whilst that of the county court, when sitting in matters of probate, is not. The county court settles the accounts of executors and administrators, and through them transacts all business appertaining to the estates of deceased persons. But a suit upon an administrator's bond cannot be brought until he has severed his connection with the court and the estate. The court cannot then act through him, and neither he nor his sureties are subject to its orders. Hence, no proceeding will lie against him in that court, nor could it render any judgment upon his bond which could be enforced. These principles were well settled by repeated decisions of this court made under the constitution of 1845.

See Ingram *v.* Maynard, 6 Tex., 130; Francis *v.* Northcote, *Id.*, 185; Martel *v.* Martel, 17 Tex., 392; Ponton *v.* Bellows, 22 Tex., 681.

There is no such difference between the constitution of 1845, and that governing in this case, as would require a change of decision upon this question. It is true the district court has not now, as it had under that constitution, original jurisdiction to review and supervise the orders of the county court in matters of probate. But, in cases like the present, no such jurisdiction is invoked. So far from seeking to interfere with any order of the county court in the estate of Atkinson, the petition proposes to make these orders a part of its case against the defendants, to show by them and the papers on file in the county court, together with other evidence, that Boger, at the time of his death, was a defaulter, and his bond forfeited according to its tenor and legal effect. Whilst our present constitution deprives the district court of power to revise the orders of the county court by an original proceeding, it does not thereby prohibit an exercise of its acknowledged jurisdiction, because the probate orders of the county court may be a necessary part of the pleadings and evidence in a cause.

In the case of Timmons *v.* Borner & Lorey, 58 Tex., 534, we held that the district court had jurisdiction of a suit by a ward against her guardian and the sureties upon his bond for money received by the guardian during his guardianship, for which he had failed to account. Not only so, but it was held that the legislature could not, under our present constitution, confer upon the county court, sitting in matters of probate, jurisdiction of such a suit. In this respect the rule as to the bond of an administrator does not differ from that in reference to the bond of a guardian. The county court has as much control of a ward's estate as of that of a deceased person. It is true that in the case cited the amount due from the guardian had been ascertained in the county court. This was in pursuance of a statute allowing a female ward, upon her marriage, to have a final settlement made by the guardian in the county court. The guardian was subject to the orders of the county court for that purpose only; for all others his trust was as completely at an end as if he had died, or had been removed.

But no stress was laid upon the fact that the amount of defalcation had been ascertained in the county court before bringing suit on the bond. On the contrary, in the cases cited as authority for the decision, it had been expressly held that it was not necessary to establish the *devastavit* in the county court before proceeding upon the bond; and this principle was sanctioned in the opinion. In the present case the county court could not have had an accounting by the administrator, he being dead, and could have had no other proceeding before it in

reference to his management of the estate, as there was no one in charge of it upon whom the orders of the court could operate. To hold such accounting a condition precedent to the right of action in the district court upon the bond, is a denial of that right altogether in the present case; is against the spirit of our system of jurisprudence which discourages a multiplicity of suits to settle a matter in controversy between the same parties, and is directly contrary to the previous decisions of this court.

We think the court erred in holding that it had no jurisdiction of the subject matter of the suit, and for this error the judgment is reversed and the cause remanded.

REVERSED AND REMANDED.

[Opinion delivered October 19, 1886.]