J. C. RICHARDSON ET AL. v. D. L. KNOX, GUARDIAN.

Delivered October 3, 1896.

**1. Practice on Appeal—Fundamental Error—Jurisdiction.**
An objection to a judgment based on the ground that the court had no jurisdiction over the subject matter will be considered on appeal, under Rule 23 for the Courts of Civil Appeals, without an assignment of error.

**2. Jurisdiction of Probate Court—Judgment on Guardian's Bond.**
Since the Probate Court had no jurisdiction to render judgment against the sureties on the bond of a former guardian for the amount due by him to his ward's estate, the District Court acquired no jurisdiction by appeal, although it would have had original jurisdiction in the matter.

APPEAL from Jack.    Tried below before Hon. J. W. PATTERSON.

*Robinson & Springer*, for appellants.

HUNTER, ASSOCIATE JUSTICE.—D. L. Knox, as guardian of the estate of James L. Wilson, a minor, filed a motion in the Probate Court of Jack County, under articles 2695 and 2696, Revised Statutes, against W. B. Ford, A. A. Henderson and J. C. Richardson on the bond of W. B. Ford as guardian and the others as his sureties, alleging that W. B. Ford was a prior guardian of said estate, and as such guardian executed the bond.    The motion also showed that the said Ford had in his hands as guardian the sum of $2000, which he as such guardian had failed to pay over to his successor D. L. Knox; also that said Ford had resigned his guardianship of the estate of said minor and refused to pay the proceeds of said estate to his said successor.

Judgment was rendered by the Probate Court on said motion against all the defendants parties to the bond, for the sum of $2000 and interest, costs and ten per cent damages under the statutes cited.    Defendants Richardson and Henderson appealed to the District Court of Jack County, where like judgment was rendered.

Defendants Richardson and Henderson raised by demurrer in the County Court the question of its jurisdiction over them and over the subject matter embraced in the motion.    The court overruled the demurrer and retained jurisdiction, to which defendants excepted.    Like demurrers were presented in the District Court, and were by the court overruled, to which defendants excepted.

No errors are assigned. The question raised, it is contended, is fundamental, and will be considered without assignments of error; and this proposition we sustain, upon the authority of rule 23 for the Courts of Civil Appeals.

Appellants make but one proposition, as follows: "The Probate Court had no jurisdiction to hear and determine the matters in controversy." This proposition we sustain, upon the authority of the case of Timmons v. Bonner, 58 Texas, 554.

Because the Probate Court of Jack County had no jurisdiction of this action on the guardian's bond, and by reason thereof the District Court acquired none by appeal thereto, but had original jurisdiction, we order that the judgment herein be reversed and the cause dismissed.

*Reversed and dismissed.*