### J. A. CRAWFORD v. ANNIE HORD ET AL.

#### Decided October 21, 1905.

**1.—Practice on Appeal—Exceptions Below—Record Must Show Ruling.**

Complaint of the action of the trial court with reference to exceptions to pleadings will not be considered on appeal where there is nothing in the record to show that the trial court took any action on the exceptions.

**2.—Evidence—Declarations of Assignor.**

The declarations of an assignor of property subsequent to the assignment that tend to defeat the assignment, are not admissible in evidence, though the assignor has since died.

**3.—Charge—Transfer and Delivery of Notes.**

A charge in relation to a gift of notes did not, by the use of the word "transferred" exclude the idea of a delivery, and if a fuller instruction relative to delivery was desired, it should have been requested.

**4.—Same—Gift of Notes—Assuming Value.**

Where the issue was whether a testator had made a gift of certain notes to one of the defendants, the question of their value was immaterial, and it was not prejudicial error for the charge to assume that they were worth their face value.

**5.—Executor—Appointment by Will—Fees.**

Where by the terms of a testator's will C. was named as executor, the fact that the trusteeship of certain property was vested in another did not constitute the appointmentship of such other as joint executor, and C. alone was entitled to the fees as executor, of which he could not be deprived except for negligence in the performance of his duties.

Appeal from the District Court of Dallas. Tried below before Hon. Thos. F. Nash.

*J. H. Taylor, W. N. Coombes* and *W. A. Hudson,* for appellant.

*U. F. Short,* for appellees.

RAINEY, CHIEF JUSTICE.—In January, 1901, W. H. Hord died, leaving a will by which he devised his estate, after some minor bequests, in equal portions to J. A. and Mattie Crawford, and to the children of his son, F. P. Hord, appellees herein. J. A. Crawford was nominated as executor, and duly qualified as such. Annie Hord was nominated as trustee for the portion devised to the children of F. P. Hord, she being a child of said F. P. Hord. Annie Hord brought this suit as trustee under said will to recover of J. A. and

Mattie Crawford the portion due them under said will, alleging that said J. A. Crawford had come into possession of said estate and had failed to inventory and account for a large portion thereof.

The defendants plead in bar a former judgment between the same parties, also a general demurrer and general denial, and also a plea setting up receipts and disbursements in the management of said estate. By supplemental petition plaintiffs plead a general demurrer, a special demurrer to the plea of former judgment and a general denial. Plaintiffs recovered a judgment, and defendant J. A. Crawford appealed.

The first assignment of error presented complains of the court for sustaining plaintiffs' exception to defendant's plea of *res adjudicata.* This assignment must be overruled, because there is nothing in the record before us to show that the trial court ever considered the exception to the plea of former judgment, or took any action whatever thereon. For this court to revise the action of the trial court, the transcript must show what the action complained of was, as the transcript is the only source from which this court can derive the necessary information upon which to base its action.

T. A. Hord, a witness for plaintiffs, was permitted to testify, over appellant's objection, as follows: "My father (meaning W. H. Hord, deceased), possibly some time six or eight months during the latter part of the year prior to his death said to me, 'James A. Crawford owes me more than he will ever pay;' and that the defendant James A. Crawford was continually after him, the said W. H. Hord, for more money, and that he would not let him have another dollar." The objection to this evidence was that same was hearsay, not made in the presence of the defendant, irrelevant and immaterial. The issue under which these declarations were admitted was whether or not W. H. Hord, about the year 1898, had given to Mattie J. Crawford, one of the defendants, certain notes executed to him by J. A. Crawford, which had not been inventoried by Crawford. Both the Crawfords testified in effect that said Hord had endorsed and transferred the notes to Mattie J. Crawford as a gift. These notes were the only evidence showing any indebtedness due by Crawford to Hord. The transfer of the notes was controverted, and the declaration being made at a time subsequent to the transfer, tended to contradict the claim of transfer, because if said declarations were true then such transfer was not made. The declarations of an assignor of property subsequent to the assignment that tend to defeat the assignment, are not admissible in evidence, though the assignor has since died. (Steffian v. Bank, 69 Texas, 513.) The court erred in admitting said evidence.

The seventh assignment of error is as follows: "The court erred in that part of his charge wherein he says: 'If you find from the evidence that W. H. Hord transferred the five notes in evidence to Mrs. Crawford,' etc., because said charge eliminated the question of the delivery of said notes to Mrs. Crawford by W. H. Hord." There is no material error in this paragraph of the court's charge. It only had reference to the issue whether or not the notes were given to Mrs. Crawford. J. A. and Mattie Crawford testified that the notes were

delivered to Mrs. Crawford immediately after the endorsements thereon were made, Mrs. Crawford testifying that W. H. Hord at the time remarked, "Take these and do exactly as you please with them." The jury evidently were not misled by the court's charge, and only considered the language of the court in the sense it was intended, which was as to the notes having been given to Mrs. Crawford. In speaking of the transfer of an instrument it conveys the idea of a delivery, and if defendant desired a fuller charge one should have been requested. In the absence of such request we conclude no error was shown.

Appellant complains that the court in its charge assumes that the notes were worth their face value. We see no error in this. The notes were executed by J. A. Crawford, who was executor of the will, and the appellant herein. As executor of the estate he was bound to account for the sums due by him to said estate. There was no proof as to the value, and besides he is the only one appealing, and he ought not to be heard objecting to the judgment on this ground; nor is there any merit to the objection that if said notes were advancements the jury could only consider their value at the time of such advancement in determining whether Mrs. Crawford had any interest in said estate. We do not think the issue of these notes being an advancement to Mrs. Crawford was raised by the evidence. The only issue raised as to these notes is whether or not the said notes were given to Mrs. Crawford by said W. H. Hord. This being the issue, the question of value is immaterial.

Complaint is made of the refusal of the court to give the special charge requested by defendants, as follows: "You are instructed that if you find and believe from the evidence that the devise to J. A. and Mattie Crawford was made for the interest of T. A. Hord in the estate of W. H. Hord purchased by J. A. Crawford, then you are charged that the law of advancements does not apply, and you will find for the defendants on said issue." There was no error in refusing this charge. As before stated, there was no issue as to the notes being advancements. Plaintiffs plead that certain checks received by Mrs. Crawford were advancements and should be accounted for as such, but the jury found against plaintiffs on this issue and no judgment was rendered therefor, so if there was error in refusing the charge appellant is not hurt thereby and is in no attitude to complain. In view of another trial we will further add that plaintiff claimed that if said checks were not intended as loans, they were advancements made, and were to be accounted for upon the final settlement of the estate and accounted for by her. The charge would have been misleading in view of this plea.

The court charged the jury: "You are instructed that under the terms and provisions of the will introduced in evidence in this cause, made by W. H. Hord, deceased, it was the intention of the said deceased that both Annie Hord and James A. Crawford should be trustees or executors of said will, and that they should have charge of the estate of said deceased jointly; that the portion of said estate which was intended for the children of F. P. Hord, deceased, should be managed and controlled by Annie Hord, and that the portion intended for the defendants should be applied to the defendants jointly. That

James A. Crawford, having qualified as the sole executor, and claiming to have charge of the estate, exclusively, will not be allowed any commission for his management of said estate." This charge we think error, insofar as it tells the jury that under the terms of the will it was the intention of the deceased that both Annie Hord and J. A. Crawford should be executors of said will. The will provides that Annie Hord shall be trustee of the devise to the children of F. P. Hord, and that J. A. Crawford shall be trustee of the devise to Mattie J. Crawford; that each take charge of and manage and control the property devised, the trust to be separate, and that no part of the estate given to one trustee have relation to or be in any wise dependent upon the other. The will then nominates J. A. Crawford to be executor, with directions to sell the property, except some small bequests, to pay debts, and then it directs that said Crawford is to retain one-half the remainder as trustee, "to be held and used as hereinbefore stated, and the remaining half I desire to pay to Annie Hord, to be held and used by her as trustee, also for the purposes mentioned." This clearly shows that Crawford was to be executor alone, and that each was to act as trustee only for the part of the estate devised to them, that is, Crawford was to act as trustee of the portion devised to him and his wife, and Annie Hord was to act as trustee of the portion devised to the children of F. P. Hord.

The court also erred in said charge in assuming that Crawford would not be entitled to any fees for the reason therein stated. Executors are entitled to all costs accruing to them under the law in the honest and faithful administration of the estate. When, however, the executor is negligent in the performance of his duties as such and costs accrue thereby, they may be taxed against him on final settlement. (Thomas v. Hawpe, 80 S. W. Rep., 129.)

Whether or not Crawford was entitled to the attorney's fees alleged to have been paid by him in the suit wherein Annie Hord sought to remove him from the executorship, should have been left to the jury for their determination under appropriate instructions.

The judgment is reversed and cause remanded.

*Reversed and remanded.*