AMERICAN SURETY CO. OF NEW YORK v. HARDWICK. (No. 7509.)*

(Court of Civil Appeals of Texas. Dallas. May 6, 1916. On Rehearing, June 3, 1916.)

1. GUARDIAN AND WARD ⬅20 — TERMINATION OF GUARDIANSHIP — MAJORITY OF WARD.
A guardianship proceeding is terminated when the ward reaches majority.
[Ed. Note.—For other cases, see Guardian and Ward, Dec. Dig. ⬅20.]

2. GUARDIAN AND WARD ⬅182(2)—ACCOUNTING—ACTIONS—CONDITION PRECEDENT.
To authorize the county court to entertain suit against the guardian or his surety, for funds of the estate alleged to have been misappropriated, it is not necessary that such court sitting in probate shall have required a final report and judicially determined the amount due, where the ward has reached majority.
[Ed. Note.—For other cases, see Guardian and Ward, Cent. Dig. §§ 627, 630–636; Dec. Dig. ⬅182(2).]

3. GUARDIAN AND WARD ⬅64 — SUITS AGAINST GUARDIAN—AMOUNT OF RECOVERY.
Although the guardian loaned estate money under court order, to his brother, and failed to collect interest or principal, and failed to record the trust deed given as security, and finally lost it, and also sold the land covered by such deed to an innocent purchaser without protecting the ward's interest, if he could have

loaned the money at the rate of interest allowed by the court he is liable for principal and interest, under Vernon's Sayles' Ann. Civ. St. 1914, art. 4150, providing that the guardian shall be liable for interest if he neglects to loan the estate funds at interest, and could do so with reasonable diligence.

[Ed. Note.—For other cases, see Guardian and Ward, Cent. Dig. §§ 294–299; Dec. Dig. ⊂⇒64.]

**4. APPEAL AND ERROR ⊂⇒1008(1)—SCOPE OF REVIEW—WEIGHT OF EVIDENCE.**

The determination where the preponderance of evidence lies being for the trial court, the court on appeal is without power to disturb its judgment in that regard.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3955, 3956, 3959; Dec. Dig. ⊂⇒1008(1).]

**5. APPEAL AND ERROR ⊂⇒1032(1)—SCOPE OF REVIEW—HARMLESS ERROR.**

Without a showing of injury from the error of the trial court complained of, the error is harmless.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4047, 4051; Dec. Dig. ⊂⇒1032(1).]

### On Rehearing.

**6. GUARDIAN AND WARD ⊂⇒151—COMPENSATION OF GUARDIAN—COMMISSIONS.**

The general rule is that, when a guardian knowingly and wrongfully fails to account to his ward, he is not entitled to a commission on the sums expended for the ward, in her suit to compel an accounting.

[Ed. Note.—For other cases, see Guardian and Ward, Cent. Dig. § 501; Dec. Dig. ⊂⇒151.]

**7. GUARDIAN AND WARD ⊂⇒151—COMPENSATION OF GUARDIAN—COMMISSIONS.**

Whether a guardian has knowingly and wrongfully failed to account to his ward is a question of fact.

[Ed. Note.—For other cases, see Guardian and Ward, Cent. Dig. § 501; Dec. Dig. ⊂⇒151.]

**8. GUARDIAN AND WARD ⊂⇒151—COMPENSATION OF GUARDIAN—COMMISSIONS.**

Where the ward, due to the guardian's mismanagement of the estate principal, was driven to the necessity of suing for accounting with attending expenses and loss to the estate, it is inequitable to reduce the estate by allowing commissions to the guardian on sums expended for the ward, but they should be offset against the expense of the suit.

[Ed. Note.—For other cases, see Guardian and Ward, Cent. Dig. § 501; Dec. Dig. ⊂⇒151.]

Appeal from District Court, Limestone County; A. M. Blackmon, Judge.

Action by Ruby and Emmett Hardwick against M. D. Hardwick, guardian, and the American Surety Company of New York. Judgment for plaintiffs, and defendant Surety Company appeals. Affirmed.

W. T. Jackson, of Groesbeck, and Fiset, McClendon & Shelley, of Austin, for appellant. E. V. Hardwick, of Bandera, and C. S. Bradley, of Groesbeck, for appellees.

RASBURY, J. Appellees, Ruby and Emmett Hardwick, sued M. D. Hardwick, as guardian, and appellant, American Surety Company of New York, surety on the guardian's bond, in devastavit to recover approximately $5,200. The guardian, in writing, voluntarily waived service of citation and en-

tered his appearance in the suit, but made no defense thereto. Appellant, American Surety Company, by appropriate pleading, challenged the jurisdiction of the district court, admitted the appointment and qualification of the guardian with appellant as surety on his bond, alleged settlement and release by Emmett Hardwick from all liability to him (which was conceded by appellees in subsequent pleading), and affirmatively charged that all funds belonging to the estate of Ruby Hardwick expended by the guardian had been properly expended for her support and maintenance. In view of the issues presented on appeal, the foregoing is a sufficient statement of the pleading. A jury was waived, and upon a hearing before the district judge the plea to the jurisdiction was overruled and judgment rendered in favor of appellant on the claim of Emmett Hardwick and against appellant American Surety Company and the guardian, who has not appealed, in favor of Ruby Hardwick for $2,-118.53, with interest from entry of judgment at 6 per cent. per annum. From the judgment so entered against it the American Surety Company has prosecuted this appeal.

[1, 2] The first issue presented is the action of the court in overruling appellant's plea challenging the jurisdiction of the court. The plea is sufficient in form and is bottomed upon the agreement of the parties that at the time the suit was commenced and at a trial the guardianship proceeding was pending in the probate court of Limestone county, and that the guardian had not been cited to file his final account therein and had not in fact filed such account. In connection with the agreed facts so recited, it appears without dispute from the evidence that Ruby Hardwick was more than 21 years of age when the suit was commenced. The precise contention of appellant is that the plea should have been sustained because the guardianship was pending and because no final account had been made by the guardian nor had he been cited to do so. The amount sued for, as disclosed by the petition, was in excess of $5,000, an amount over which the probate court had neither original nor concurrent jurisdiction. Incidentally it has been held that the county court, sitting in probate, cannot render judgment against the sureties upon a guardian's bond, for an amount found by that court to be a liability against the guardian, in excess of the amount cognizable in the county court in civil matters under the Constitution. Timmins v. Bonner & Long, 58 Tex. 554. The real contention of appellant, however, as disclosed by counsel's argument and based upon the several statutory articles defining the duties and liabilities of guardians, is, not that the county court sitting in probate may render judgment against the guardian for a sum in excess of the jurisdiction of the county court, but that it is the sole and exclusive

function of that court sitting in probate to fix and establish by its judgment the status of accounts between guardian and ward, and then, and not until then, may the court in which the sum so established is cognizable entertain a suit against the surety to recover such sum. The issue is not one of first impression and has been decided adversely to appellant's contention several times. In Timmins' Case, supra, our Supreme Court ruled that upon the termination of a guardianship proceeding, however brought about, the probate court is without power to render any decree against the former guardian. Obviously such proceeding is terminated when the ward reaches his or her majority. Later, in the case of Fort v. Fitts, 66 Tex. 593, 1 S. W. 563, in adverting to the Timmins Case the Supreme Court say:

"But no stress was laid upon the fact that the amount of defalcation had been ascertained in the county court before bringing suit on the bond. On the contrary, in the cases cited as authority for the decision, it had been expressly held that it was not necessary to establish the devastavit in the county court before proceeding upon the bond; and this principle was sanctioned in the opinion. * * * To hold such accounting a condition precedent to the right of action in the district court upon the bond * * * is against the spirit of our system of jurisprudence, which discourages a multiplicity of suits, * * * and is directly contrary to the previous decisions of this court."

The rule has been reaffirmed in Richardson v. Knox, 14 Tex. Civ. App. 402, 37 S. W. 189; Hix v. Duncan, 99 S. W. 422; American Bonding Co. v. Logan, 132 S. W. 894; Kretzchmar v. Peschel, 144 S. W. 1022.

[3] It is next urged that the court erred in allowing appellee 8 per cent. per annum interest on $1,408 found to be due the appellee by the guardian. The reason assigned why the interest should not have been allowed as disclosed by the assignment is because the money was loaned under approval of the probate court and because the guardian had not or could not collect the interest so allowed. At the point in the statement of facts pointed out by this assignment it appears from the guardian's statement that he was authorized by the probate court to loan funds of his wards to his brother, and that he did so, taking as security a deed in trust on lands. He failed to record the deed in trust, and finally lost it. He also acquired the land individually, and finally sold it to an innocent purchaser without protecting the ward's interest. He did not as matter of fact collect any interest on the loan, nor presumably the principal; but there is testimony in the record that he could have loaned the money at the rate of interest allowed by the court and no reason given by the guardian or appellant why he did not do so. In such case the court was authorized to allow interest. Article 4150, Vernon's Sayles' Stats.

[4] The next issue presented is that the court should have allowed the guardian the sum of $415 as an offset against his ward because the preponderance of the evidence disclosed that said sum had been expended in behalf of the ward. The preponderance of the evidence on a given issue is for the trial court to determine, and, the trial judge having found that the evidence sustains the claim that such sum was not expended in behalf of the ward, we are without authority to disturb the judgment.

[5] The remaining assignments of error complain of the action of the trial court in overruling appellant's special exceptions attacking the sufficiency of the allegations of appellee's petition. Without entering into details of the matter, we think the petition was sufficient to put appellant upon notice of the facts sought to be established as basis for the judgment prayed for. However, no showing is made that any injury resulted from the action of the court in the respect stated, and hence the action, if erroneous, is harmless.

Finding no reversible error in the record, the judgment is affirmed.

## On Rehearing.

[6, 7] Appellant earnestly argues that we erred in affirming the judgment of the trial court; but, after a careful reconsideration of the issues, we feel constrained to adhere to our former opinion. Counsel, however, requests a statement of our views concerning the issue raised by appellant's fifth assignment of error, which was overruled, and not discussed in our opinion. Said assignment complains of the refusal of the trial court to allow appellant, the guardian's surety, as an offset to the judgment rendered against it, the statutory commissions of 5 per cent. on sums shown to have been expended in support and maintenance of appellee. The general rule is that, when a guardian knowingly and wrongfully fails to account to his ward, he is not entitled to commissions in a suit to compel accounting. Thomas v. Hawpe, 35 Tex. Civ. App. 311, 80 S. W. 129. Whether the guardian has so knowingly and wrongfully failed to account is a question of fact. Crawford v. Hord, 40 Tex. Civ. App. 352, 89 S. W. 1097.

[8] Many reasons, depending for their force upon the situation of the parties, could be urged in support of the rule. In the instant case, appellee, due to the mismanagement of appellant's principal, was driven to the necessity of suing, with the attending expense and consequent loss to the estate, which it was the guardian's duty to preserve. We think it would be inequitable to further reduce the estate by allowing commissions to the guardian, by whose misconduct the loss was occasioned, and that the court was authorized, in balancing the equities of the proceeding, to offset the statutory commissions with the expense occasioned by the guardian.

We conclude therefore, the mismanage-

ment being in effect conceded, that the trial court did not err in refusing to allow the off-set for the benefit of appellant.

The motion for rehearing is overruled.