### DOWE v. MIXON et al. (No. 7826.)

Court of Civil Appeals of Texas. San Antonio. Oct. 13, 1927.

1. Executors and administrators ⬤⟿37(1)— When estate is not fully administered, probate court has discretion to appoint administrator de bonis non.

When a decedent estate has not been fully administered, it is within discretion of the probate court to appoint an administrator de bonis non.

2. Courts ⬤⟿475(2, 3)—Suit to recover money converted by temporary administratrix could not be maintained, where administration was pending in county court.

Suit by temporary administrator to recover moneys alleged to have been converted by temporary administratrix first appointed could not be maintained in district court, where petition and facts showed that first administration was still pending in county court, and first temporary administratrix's connection with estate had not been severed.

3. Courts ⬤⟿475(2, 3)—Original suit on administrator's bond cannot be brought in district court until administrator has been discharged.

An original suit on an administrator's bond cannot be brought in district court until administrator has been discharged.

Appeal from District Court, Frio County; W. O. Murray, Jr., Judge.

Suit by S. T. Dowe, temporary administrator of the estate of H. B. English, deceased, against G. K. Mixon and others. From judgment sustaining plea to court's jurisdiction, plaintiff appeals. Affirmed.

Powell & Green, of San Antonio, for appellant.

J. D. Dodson and U. S. Algee, both of San Antonio, for appellees.

FLY, C. J. This suit was instituted by appellant, as the temporary administrator of the estate of H. B. English, deceased, against Grace C. English, as principal, and George K. Mixon, H. C. Sadler, and George E. Thomas, as sureties on her bond as temporary administratrix of the said estate, to recover $5,000, alleged to have been converted to her own use by Mrs. English. The allegations were that Mrs. English, as temporary administratrix of the estate of her deceased husband, who had died on January 10, 1922, leaving his wife and five minor children, had collected the $5,000, which was insurance on the life of the deceased husband and father. The allegations show that Mrs. English was legally appointed; the order of appointment being that she be given "authority and full power to collect said $5,000 insurance policy" and collect other debts due the estate, as well as to pay any and all debts and obligations due by said estate.

It was alleged: That Mrs. English was appointed administratrix on February 23, 1922, and that it was provided that the appointment should terminate on March 1, 1922. That Mrs. English collected the $5,000 insurance in the latter part of February, 1922, but made no accounting to the county court, as required by its order. Afterwards, on June 1, 1926, appellant was appointed temporary administrator. Appellees assailed the jurisdiction of the district court on the grounds that the administratorship was still pending in the county court, and that during the year 1926 Mrs. English had been served with a notice issued out of the county court requiring her to make her report as temporary administratrix, which she had done. No report had been filed prior to that time. That in her report she had shown that she had received no property belonging to the separate estate of her deceased husband, and, after the termination of the temporary administration, the duration of which was definitely and absolutely fixed by the order of appointment, she had fully administered the estate of her deceased husband as community survivor, as permitted by statute. That her final report as temporary administratrix is still pending in the county court, and the administration is still pending. It was claimed by reason of the facts that the county court of Frio county has sole and exclusive jurisdiction to act on the liability of Mrs. English and her bondsmen under the temporary administration. It was alleged that as community survivor Mrs. English had filed, on December 9, 1924, a complete, true, and correct report of the handling of the estate, and fully accounted for the disposition of the insurance money, which report is now pending in the county court; no order having been made closing the community administration.

The court sustained the plea to its juris-

---

⬤⟿For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

diction, and dismissed the suit, and from that order this appeal has been perfected.

[1] This suit was instituted by appellant in the capacity of temporary administrator, and not in the capacity of an administrator de bonis non, although in the propositions appellant is termed "administrator d. b. n.," by which we suppose is meant an administrator de bonis non. An administrator de bonis non is quite different from a temporary administrator. Bouvier says an administration de bonis non is "that which is granted when the first administrator dies before having fully administered." This definition is, however, widened in the courts of Texas, and, when an estate has not been fully administered, it is within the discretion of the probate court to appoint an administrator de bonis non. Frost v. Frost, 45 Tex. 324.

[2] It seems that appellant, without reference to any former administration, procured his appointment, proceeding, no doubt, upon the theory that the temporary administration had expired by reason of the termination of the time for which the administratrix had been appointed. However, temporary administration of Mrs. English and the community survivor administration of the estate was ignored, and appellant applied for, and obtained, his appointment to administer the estate, not as a continuation of an unclosed former administration, but as beginning a new administration. Still the suit is to recover from an administratrix and her bondsmen.

On the one hand, appellant begins a new administration; then on the other recognizes the fact that the administration of Mrs. English is still open, and that the administration of the estate, either through his appointment or that of Mrs. English, is still pending in the county court that had jurisdiction of the matter. Mrs. English had not severed her connection with the county court, but had pending in that court her reports as temporary administrator and one as community administrator. The county court had jurisdiction of these matters, and, as said in Fort v. Fitts, 66 Tex. 593, 1 S. W. 563:

"The county court settles the accounts of executors and administrators, and, through them, transacts all business appertaining to the estates of deceased persons. But a suit upon an administrator's bond cannot be brought until he has severed his connection with the court and the estate."

Mrs. English, as alleged by appellant, had not severed her connection with the court and estate. In the case cited the administrator was dead, and the court said:

"In the present case the county court could not have had an accounting by the administrator, he being dead, and could have had no other proceeding before it in reference to his management of the estate, as there was no one in charge of it upon whom the orders of the court could operate."

This case is cited as authority by appellant sustaining the jurisdiction of the district court. We fail to see that it does so.

In the case of Chapman v. Brite, 4 Tex. Civ. App. 506, 23 S. W. 514, decided by this court, the original administrator had been removed as administrator by the county court, and Brite had been appointed administrator de bonis non. This court held:

"When Birmingham [the original administrator] was discharged by order of the county court his connection with that court and the estate was severed, and neither he nor his sureties were subject to its orders."

That was the ground upon which jurisdiction was conferred upon the district court, and the case does not apply to the facts of this case.

In the cases of Ingram v. Maynard, 6 Tex. 131, Francis v. Northcote, 6 Tex. 185, and Timmins v. Bonner, 58 Tex. 554, suits were filed in the district court, and action had been sought against administrators whose connection with the county court and the different estates had been severed, and in the Timmins v. Bonner case the gist of the decisions was given as follows:

"These decisions practically assert that, after termination of an administration, however that termination may occur, the probate court has no power to render a decree against one who formerly held the fiduciary relation of administrator or executor,"

—and on that ground, and that alone, the jurisdiction of the district court was sustained.

[3] It has been the uniform ruling of the courts of Texas that an original suit on an administrator's bond cannot be brought in the district court until the administrator has been discharged. As said in Buchanan v. Bilger, 64 Tex. 592:

"During the pendency of an administration in the county court, that court has entire supervision of the estate, and is armed with full powers to protect the interests of heirs, legatees and creditors. These are authorized to come into that court and object to any irregularities or improper conduct of the administrator in the execution of his trust; to have his accounts scrutinized and revised by the judge, and the administrator himself removed if necessary; and if the county court makes incorrect rulings in prejudice of their rights, to have them corrected on appeal to the district court. It is only after an administrator has been discharged from his trust in some manner recognized by law that an original suit can be prosecuted upon his bond in the district court to make him and his sureties respond in damages for a waste and misappropriation of the assets of the estate. The extent of this waste cannot be known until the administrator has ceased to manage the estate, for not until then can it be ascertained in what manner and to what extent he will account to the county court for the assets committed to his charge."

The language could not be more applicable had it been written in this case, and, as if following the perfect analogy between the case cited and this case, the court further held that, although the administration had been practically closed, still, as long as the final account of the administrator was pending in the county court, and the administrator had not been discharged, the county court had exclusive jurisdiction of the matter. That decision was rendered in a suit on a bond of an administrator. The case of Buchanan v. Bilger was followed in the case of Bain v. Coats (Tex. Com. App.) 244 S. W. 130, and it was held:

"No suit on the bond of an administrator to make him and his sureties responsible for damages for waste or misappropriation of assets can be maintained until after the administration is closed and the administration is discharged."

It was shown that a short while prior to the time that appellant applied to be appointed temporary administrator John T. Briscoe filed an application to the county court for notice to Mrs. English to appear and file a final report. The application was granted, and Mrs. English filed the report, upon which no action has been had by the court. It appears that appellant was acting in the interest of John T. Briscoe in obtaining the temporary administration, for Briscoe filed the only claim against the estate, which was for $2,500, certainly, and possibly for the balance of the insurance money. All the allegations and facts conclusively show that the administration was still pending, and that the connection of Mrs. English with the estate had not been severed.

We conclude that there is no error in the judgment, and it is therefore affirmed.