**DIAZ et al. v. CHINN et al.**

No. 10932.

Court of Civil Appeals of Texas.
San Antonio.
April 16, 1941.

Ben V. King, of Eagle Pass, for appellants.

Suttle & Kessler, of Uvalde, for appellees.

NORVELL, Justice.

This is an appeal from an order dismissing this cause for want of jurisdiction of the district court.

Plaintiffs below and appellants here are Victoria Diaz and Dolores Gomez Juarez. Defendants below were J. H. Chinn, who had been appointed administrator of the estates of Victoriano Diaz, and Pablo Diaz, both deceased, by the County Court of· Uvalde County, and Jake Schwartz and Lee Schwartz, sureties upon the administrator's bond given by Chinn to insure the faithful performance of his duties under such appointment.

Chinn and his sureties, by separate pleas, challenged the jurisdiction of the district court, but did not deny the allegations of the petition, which, accordingly, must be taken as true.

From this petition, the following appears: Dolores Gomez Juarez (now the wife of Felix Juarez, who joined her in the action) is the surviving widow of Victoriano Diaz, and Victoria Diaz is the daughter of said Dolores Gomez Juarez and Victoriano Diaz. Said parties are by law entitled to the assets and properties of the estate of Victoriano Diaz, deceased. At the time of his death, in October, 1918, Victoriano Diaz was a soldier in the military service of the United States, and carried a policy of insurance for $10,00ᴜ under the United States War Risk Insur-

ance Act, Title 38, §§ 511–518, inclusive, U.S.C.A. One-half of this amount was payable to Pablo Diaz, the father of the deceased soldier, in 240 monthly installments. Pablo Diaz died in January, 1926, at which time the commuted value of the unpaid installments, formerly payable to the said Pablo Diaz, amounted to the sum of $3,566.

Chinn was appointed administrator of the Estates of Victoriano Diaz and Pablo Diaz in Cause No. 782, on the Probate Docket of the County Court of Uvalde County, Texas, and duly qualified as such, posting a bond for the sum of $7,500, upon which Jake and Lee Schwartz were sureties. The insurance claim against the United States was listed as belonging to the Estate of Victoriano Diaz in the inventory and appraisement. After this claim was paid by the government, Chinn made application to the Probate Court for an order approving distribution of the proceeds thereof to certain persons, evidently the heirs at law of Pablo Diaz. The order prayed for was granted and such distribution ordered, the administrator being directed to take receipts from the persons designated in the order as the distributees of the funds involved. It is not directly alleged by appellants that Chinn, the administrator, actually made the distribution provided for in the order.

It is the contention of appellants that under the United States War Risk Act the sum collected by the administrator, $3,566, belonged to the Estate of Victoriano Diaz, deceased, and passed to them under the Texas Statutes of descent and distribution. Article 2571, or Article 2578, Vernon's Ann.Civ.Statutes. Appellants further contend that the order of the Probate Court directing a distribution to parties other than said appellants is void upon the face of the record, as it is contrary to expressed statutory provisions, and the Probate Court, consequently, was without authority to enter such order. Appellants prayed for judgment against Chinn and his sureties for the sum collected by said administrator upon the insurance claim involved, together with interest thereon.

In their plea to the jurisdiction of the district court, appellees pleaded that no final account or report had been filed in the Probate Court; that the administrator and his bondsmen had not been discharged, and that administration of the estate of Victoriano Diaz was still pending in the County Court of Uvalde County, Texas.

We are of the opinion that the trial court's action in sustaining appellees' plea to the jurisdiction was correct. It seems that the relief which appellants seek by this action may be effected by the entry of a proper order for the distribution of the properties and assets of the estate of Victoriano Diaz, deceased. The power and authority to enter such an order of distribution is vested in the County Courts by the terms of Article 5, § 16, of the Constitution of the State of Texas, Vernon's Ann.St., wherein it is provided that: "The County Court shall have the general jurisdiction of a Probate Court; they shall * * * transact all business appertaining to deceased persons, * * * including the *settlement, partition and distribution of estates of deceased persons* * * *."

If the purported order of distribution heretofore entered by the County Court of Uvalde County be a nullity, as appellants contend, then in legal effect no order of distribution has been entered. The record here shows that the administrator is alive; he has neither resigned nor been removed, and consequently he is still subject to the orders of the Probate Court. The mere fact that the allegedly void order of distribution was entered in the year 1928, and no action has been taken in the County Court since that time, does not deprive said court of jurisdiction over the estate nor the administrator thereof. Article 3327, Vernon's Ann.Civ.Stats.; Branch v. Hanrick, 70 Tex. 731, 8 S.W. 539; Main v. Browne, 75 Tex. 505, 10 S.W. 571, 13 Am.St.Rep. 823.

It seems that actions brought for the purpose of calling an administrator to account for the failure to faithfully perform his duties will not lie unless or until a final order closing the estate and discharging the administrator has been entered, Buchanan v. Bilger, 64 Tex. 589; the administrator has failed to carry out an order of the probate court, Article 3543, Vernon's Ann.Civ.Stats.; Stewart v. Morrison, 81 Tex. 396, 17 S.W. 15, 26 Am. St.Rep. 821; the administrator has been removed, Anderson v. Armstrong, 132 Tex. 122, 120 S.W.2d 444, 132 S.W.2d 393; or the administrator is dead, and a recovery is sought against his sureties, Fort v. Fittes, 66 Tex. 593, 1 S.W. 563.

There may be other situations under which an action against an administrator and his sureties can be properly

brought prior to the closing of an estate, but it seems to be the rule that such actions will not lie so long as the Probate Court retains control over the administrator and his actions, and the administrator has not refused to obey a valid order of the Probate Court. We hold that appellee Chinn, under the facts alleged by appellants, is subject to the orders of the Probate Court, and it is clear that appellants' case is not based upon an alleged refusal to obey an order of that Court so that an action could be brought under the provisions of Article 3543, supra.

We conclude that the plea to the jurisdiction of the District Court was properly sustained. Buchanan v. Bilger, supra; Bain v. Coats, Tex.Com.App., 244 S.W. 130; Dowe v. Mixon, Tex.Civ.App., 299 S.W. 346, writ refused.

This judgment of the trial court is affirmed.