**Harry D. RILEY et al., Appellants,**

v.

**W. M. EVERETT, Appellee.**

**No. 6513.**

Court of Civil Appeals of Texas.
Amarillo.
June 27, 1955.

F. A. Cooper, Amarillo, and Henry Bob Porter, Sunray, for appellants.

Lovell & Lyle, Dumas, for appellee.

MARTIN, Justice.

Western Outdoor Advertising Company, a corporation, entered into a contract with appellee, W. M. Everett, defendant in the trial court, whereby appellee contracted with the company for the erection of an advertising sign. The contract was performed and this suit involves collection of the consideration agreed to in the contract. The appellants, Harry D. Riley and Royal Katskee, plaintiffs in the trial court, alleged in their first amended original petition that the corporation was duly dissolved and that all its right, title and interest in the business of said corporation, and in the monies in the bank, trade-mark, trade-name, accounts due or to become due, and in all assets of any kind whatsoever belonging to said corporation were sold, assigned and transferred over to said parties, appellants herein, who became the owners and holders of the contract together with the right to collect the amount unpaid on the same.

The case was tried before the court who rendered judgment for the appellee, W. M.

Everett, on the sole proposition that there was no evidence that any assignment of the contract had ever been made from the corporation to the appellants herein and that they had failed to prove that appellee was indebted to them in any manner in that there was no evidence introduced showing any privity between the corporation making the contract and the appellants herein. Appellee filed no brief supporting the trial court's ruling on this issue. Appellants assert, as grounds for reversal of the trial court's judgment, that they duly pleaded the dissolution of the corporation and the transfer of all its assets and contracts to them whereby they became the owner of the account sued upon and that since such allegation was not denied by appellee it must be taken as admitted.

■ As revealed by the record, appellee's sole answer to appellant's cause of action is:

"1. The account sworn to by plaintiffs is not just, in whole or in part, for the reason that plaintiffs breached their written contract with defendant in that they the plaintiffs failed to maintain the signs in accordance with the written contract."

It is readily apparent from an examination of this answer that appellee did not deny the allegations in appellant's petition asserting that the assets of the corporation had been transferred to them and that they were the owners of the account sued on. It is noteworthy that appellee's answer makes no reference to the corporation but solely refers to the "plaintiffs".

"The law is that, when a material allegation of fact is made in the plaintiff's petition, any such fact so alleged is taken as admitted by the defendant, unless the latter denies same by proper pleading to that effect."

Brill v. Guaranty State Bank of Goose Creek, Tex.Com.App., 280 S.W. 537, [1]; Diaz v. Chinn, Tex.Civ.App., 150 S.W.2d 411, Syl. 1; Michelin Tire Co., Inc., v. Ganter, Tex.Civ.App., 61 S.W.2d 525, Syl.

5; Kansas City, M. & O. Ry. Co. v. Cave, Tex.Civ.App., 174 S.W. 872.

Appellants' two points allege it was error for the court to grant defendant's motion for judgment as based upon the issue that there was a lack of evidence that the Western Outdoor Advertising Company, a corporation, had transferred or assigned to plaintiffs the corporation's rights under the contract sued upon. These points are sustained and the judgment of the trial court is reversed and judgment is rendered for appellants.