**EMPLOYERS CASUALTY COMPANY, Appellant,**

v.

**TEXAS ATTORNEY GENERAL, Appellee.**

No. 13–93–145–CV.

Court of Appeals of Texas, Corpus Christi.

May 26, 1994.

Robert J. Sigler, Nelva Gonzales, Caroline L. Bertuzzi, Meredith, Donnell & Abernethy, Corpus Christi, for appellant.

Tonya Morse, Asst. Atty. Gen., Child Support Enforcement, Victoria, Esperanza Barron, Coastal Bend Legal Services, Victoria, Dan Morales, Atty. Gen., Austin, Will Pryor, First Asst. Atty. Gen., Mary F. Keller, Deputy Asst. Atty. Gen., Samuel T. Jackson, Chief, Child Support Litigation Div., Tod L. Adamson, Rhonda Amkraut Pressley, Asst. Atty. Gen., Child Support Enforcement, Austin, for appellee.

Before KENNEDY, GILBERTO HINOJOSA, and FEDERICO G. HINOJOSA, Jr., JJ.

## OPINION

GILBERTO HINOJOSA, Justice.

The trial court denied appellant Employers Casualty Company's (Employers) motion to quash and/or set aside the court's order to withhold earnings to enforce Michael Toliver's child support obligations. The court ordered Employers to withhold Toliver's workers' compensation benefits as satisfaction for child support payments. By two points of error, Employers complains that the trial court erred in its denial because workers' compensation law dictates that the withholding order does not apply to Employers. We reverse and render.

Michael Toliver alleged that on June 28, 1990, he sustained an on the job injury and began receiving workers' compensation benefits from Employers, the insurance carrier for his employer. Renette and Michael Toliver divorced on August 21, 1992. The trial court ordered Mr. Toliver's employer and any future employers to withhold a percentage of his earnings for child support.

In October 1992, the court assigned the right to the child support payments to the Texas Attorney General. On December 4, 1992, the Attorney General requested that a copy of the withholding order be sent to Employers; Employers received the order on December 8, 1992. Employers filed a motion requesting a hearing on the applicability of the withholding order and moved to quash and/or set aside the withholding order. At the conclusion of the hearing, the court denied Employers' motion and ordered it to withhold workers' compensation benefits pursuant to the earlier order. The court issued an order to this effect on February 10, 1993.

By two points of error, Employers asserts that the court erred in denying the motion because Texas Revised Civil Statutes article 8306, § 3(b), the law in effect at the time of the accident, governs the case and makes the withholding order inapplicable as to Employers. Appellant further contends that article 8308–4.08(b), the new law which does not exempt benefits from a withholding order for child support, went into effect after the date of the injury and therefore should be applied prospectively, not retroactively. The Attorney General, on the other hand, argues that construing article 8306, § 3(b) as exempting workers' compensation benefits from a withholding order for child support is contrary to the legislative intent to make disbursements that are generally exempt from attachment or garnishment available for the payment and collection of child support obligations. Additionally, the Attorney General contends that Employers failed to present any testimony or offer any evidence that the injury predated the new law.

The trial court's order denying appellant's motion to quash and requiring appellant to withhold benefits was a final, appealable judgment. To be final, a judgment must determine the rights of the parties and dispose of all the issues involved. *Houston Health Clubs, Inc. v. First Court of Appeals,* 722 S.W.2d 692, 693 (Tex.1986); *Wagner v. Warnasch,* 156 Tex. 334, 295 S.W.2d 890, 892

(1956). The court's order denying Employers' motion to quash finally disposed of all issues between Employers and the Attorney General. This was the only order from which Employers could have appealed. Employers could not have appealed from the original withholding order because it did not become a party to the action until December when it received the original order. By December, the deadline for appealing the original order had already passed. Thus, this Court has jurisdiction to review the final judgment issued in February 1993.

■ When Employers became a party to the action, it filed a Motion for Hearing on the Applicability of Order Withholding From Earnings for Child Support pursuant to section 14.43(j) of the Texas Family Code. In its motion, Employers alleged that Mr. Toliver's injury occurred on June 28, 1990, and claimed that the old law and not the new law applies to this case. An injury report, indicating the injury occurred on June 28, 1990, was attached to the motion as an exhibit. The exhibit was not offered or admitted into evidence. There is no indication in the record that the Attorney General filed any response to Employers' motion. Under these circumstances, the motion is equivalent to an original complaint or petition.

■ Material allegations of fact in plaintiff's petition which are not denied by proper pleading are taken as admitted. *Crow v. Crow*, 485 S.W.2d 928, 931 (Tex.Civ.App.—Waco 1972, no writ); *McGuire v. Rogers*, 443 S.W.2d 619, 620 (Tex.Civ.App.—Waco 1969, no writ); *Riley v. Everett*, 281 S.W.2d 757, 758 (Tex.Civ.App.—Amarillo 1955, no writ); *Diaz v. Chinn*, 150 S.W.2d 411, 411 (Tex.Civ.App.—San Antonio 1941, no writ). Because the Attorney General failed to file a response denying Employers' allegation, the injury date of June 28, 1990 must be taken as true. In fact, it does not appear from the record that the date was ever at issue. At the hearing, Employers' counsel remarked that the date of injury was June 28, 1990, without any dispute by the Attorney General. Argu-

ments made by either party only concerned the applicability of the old or new law. Moreover, the trial judge stated that "[t]he only question really boils down to reading the effective date of the act." We hold that the date as alleged by Employers is admitted as true.

The law in effect at the time of the injury was article 8306, § 3(b) which provided:

> All compensation allowed ... herein shall be exempt from garnishment, attachment, judgment and all other suits or claims, and no such right of action and no such compensation and no part thereof or of either shall be assignable, except as otherwise herein provided, and any attempt to assign the same shall be void.

TEX.REV.CIV.STAT.ANN. art. 8306, § 3(b) (Vernon 1967), *repealed by* Acts 1989, 71st Leg., 2nd C.S., ch. 1, § 16.01(7), eff. Jan. 1, 1991. In 1989, the legislature enacted the Texas Workers' Compensation Act which expressly provided in article 8308–4.08(b):

> Benefits under this Act that are subject to a lien for court-ordered child support shall be paid as required by an order withholding income under Section 14.43, Family Code, or by a writ of withholding under Section 14.45, Family Code.

TEX.REV.CIV.STAT.ANN. art. 8308–4.08(b) (Vernon Supp.1993).[1] In enacting the new provision, the legislature specifically stated, "The change in law made by this Act applies only to an injury for which the date of injury is on or after the effective date [January 1, 1991] of this Act." Acts 1989, 71st Leg., 2nd C.S., ch. 1, § 17.18(c).

■ Although no Texas cases have addressed the particular question at issue here, several cases have considered the applicability of amendments to the workers' compensation statute over the years. The date of injury determines which statute applies; therefore, a change in the law has no effect because the governing law is the law in effect at the time of the injury. *Nationwide Mut. Ins. Co. v. Crowe*, 857 S.W.2d 644, 654 (Tex.

---

1. Since the filing of this suit, art. 8308–4.08 was repealed by Acts 1993, 73rd Leg., ch. 269, § 5(2), effective September 1, 1993. It is now codified as TEX.LAB. CODE ANN. § 408.203 (Vernon Pamphlet 1994). Section 408.203 also provides that compensation benefits are subject to a lien for court-ordered child support.

App.—Houston [14th Dist.]), *set aside by agreement,* 863 S.W.2d 462 (Tex.1993)[2] (citing to § 17.18(c) of the enabling legislation, the court ruled that the amended article does not apply because the injury occurred before the effective date of the article). *See also Texas Employers' Ins. Ass'n v. Brantley,* 394 S.W.2d 824, 829 (Tex.Civ.App.—El Paso 1965), *rev'd on other grounds,* 402 S.W.2d 140 (Tex.1966); *Southern Surety Co. v. Lucero,* 218 S.W. 68, 70 (Tex.Civ.App.—El Paso 1920, writ dism'd) (immaterial that claim brought after amendment took effect since claim resolved under law in force at time of accident).

■ The general rule in statutory construction is that an amendment is presumed to be prospective unless its terms show a contrary intention. *City of Corpus Christi v. Herschbach,* 536 S.W.2d 653, 656 (Tex.Civ.App.—Corpus Christi 1976, writ ref'd n.r.e.). The original provisions appearing in the amended act are regarded as law from the time they were first enacted and continue to speak from that time while the new provisions are construed as enacted as of the time the amendment took effect.

■ While the provisions of the Workers' Compensation Act should be construed liberally, courts may not adopt a construction which is contrary to the plain and unambiguous language of the statute. *Brantley v. Phoenix Ins. Co.,* 536 S.W.2d 72, 74 (Tex.Civ. App.—Houston [1st Dist.] 1976, writ ref'd). The plain and unambiguous language of § 17.18(c) of the enabling legislation manifests an intent that the new act does not affect cases where the injury was sustained before the act's effective date. Mr. Toliver sustained his injury in 1990 before the new act's effective date of 1991. We will therefore apply the law as it existed in 1990 and rule that the withholding order does not apply to Employers. The benefits are still available to the Attorney General as a source for the payment of child support; however, they must be obtained directly from Mr.

Toliver after he receives them and not via a withholding order.

The Attorney General argues that a result such as the one we have reached is contrary to the legislative trend in the 1980s of amending or enacting constitutional and statutory legislation to facilitate wage withholding and enforcement of a child support order. However, while the legislature was enacting these statutory changes, the lawmakers were certainly aware of the old compensation laws but they evidently decided to leave them intact. The act was not changed until 1989 and even then the legislature decided that the new act would not take effect until January 1, 1991. We must therefore defer to legislative intent and the plain language of the statute and hold that the law at the time of Mr. Toliver's injury governs this case. Appellant's two points of error are sustained.

We reverse the trial court's judgment and render that Employers is not required to withhold benefits pursuant to the "Order Withholding From Earnings for Child Support."

---

2. In *Crowe,* the supreme court set aside the judgment of the court of appeals without reference to the merits because of a settlement agreement but did not specifically vacate the opinion itself. The precedential value of an opinion under these circumstances is equivalent to a "writ dismissed" case. *Houston Cable v. Inwood West Civic Ass'n,* 860 S.W.2d 72, 73 n. 3 (Tex.1993).