Mr. Justice Lipscomb,
after stating the facts of the case, delivered the opinion of the court.
Fraud in obtaining the power of attorney on the part of McKinstry is distinctly and expressly charged, and this charge is verified by the verdict of the jury. It would seem if the power was fraudulently obtained it would vitiate it, and the confession of judgment entered up under and by virtue of the power so fraudulently obtained. And consequently the de-ci’ee should have annulled both the power of attorney and the judgment. This is certainly the effect of fraud, unless .some innocent party would be placed in a worse condition than they were in before, who had acquired rights under the fraudulent act. , As a general proposition, both at law and in equity, it is certainly true that fraud vitiates instruments most solemnly executed, and even vitiates judgments of a court.
If any person had acquired rights, it was Loop, to whom the notes had been assigned. The evidence does not *337 show that he participated in the transaction, but leaves the inference that if he had acquired any right under it, he was not apprised of it. In an affidavit filed when the judgment was confessed by Pillans, to whom the letter of attorney had been addressed, he makes no reference at all to any knowledge he has, personally or derived from Loop, in relation to the transaction. Pie only swears that he believes the debt just, because of the power of attorney given to confess judgment. This does not give any explanation of the particular object of' the power, and the assignment of the notes, by what means or for what object obtained. That the assignment of the notes to Loop by kfcKinstry was a part of the same transaction with the procurement of the letter of attorney to Pillans to confess the judgment, derives additional strength from further considerations arising from the record. It is alleged distinctly in the complainant’s bill that McKinstry had the control and possession of these two notes assigned to Loop, down to the time of the exeention of the letter of attorney, on which the judgment was confessed. This averment is not traversed, and it must therefore be considered in proof. This, taken in connection with the fact admitted, that the account of payment by money, goods and other evidences of advances by the firm of Johnston & Huberts, amounting to more than the two notes then due, was created before the power of attorney to confess judgment was procured; and one of those items, a receipt for about one hundred and twenty dollars, expressing on its face that it was to be credited on the notes of Johnston & Roberts, and the receipt bearing date some time previous to the maturity of either of the two last notes, can there be any other construction given to this receipt than that it was to be credited on one of the notes then due? klcKinstry admits the correctness of this account, but denies that it was created as a credit on the two first notes, and says that it was to be applied to the payment of the debt of Roberts to hipa for an advance of that amount to Roberts on his entering into the business, and that Roberts was to retire from the firm; that this was agreed on between the parties when the power was executed. This explanation of the manner in which the *338 amount of the account was to be applied is not responsive to-the charge, and should have been proven. [Roberts in his. answer does not sustain him; he says nothing about paying. McKinstry for advances to him, nor anything about his going out of the firm as a part of the arrangement. So far from sustaining, he rather contradicts him, in this, that he avers in his-answer that he did not know the amount that the firm had paid on the notes, because he had not access to the books. The receipt contradicts him, because it is expressed that the money received is to be credited on the notes he held. The whole of the case, as presented by the record, leads to no other reasonable conclusion than that the assignment of the notes was only part and parcel of the other, and if that was procured by fraud, the fraud would extend to the whole transaction. Again, if McKinstry had the control of the two notes assigned to Loop, he was, in the most favorable aspect in which his conduct can he viewed, the agent of Loop; and if there was any fraud, the act done for the benefit of his principal was not unaffected by such fraud. Loop will not be placed in a worse condition than he was in before. If it should be found that the two notes assigned have not been paid by the admitted account of Johnston & Huberts against McKinstry, there will be nothing to prevent their being so applied. But that the account should be applied to the extinguishment of the notes, there can be no doubt, unless it is proven that by contract it was to be applied as McKinstry has stated in his answer. But the fact whether the payments made were to be credited on. the first two notes, or were to go in payment of Roberts’ debt to McKinstry, was not tried by the jury. That is an important issue to the final decree and disposition of the case. Without fully imderstanding how the payments have been disposed of, there can be no final decree doing justice between the parties. The case ought to be remanded for the purpose of trying the fa<?t as to that agreement.
The decree is satisfactory as to the last two notes on the finding that nine hundred dollars had been paid, which was-applied to them. It must be reversed as to the judgment in favor of Loop, and a decree entered in the court below annul *339 ling and setting aside the letter of attorney and the confession •of judgment; and the court below is further directed to cause an issue to be tried by the jury to determine whether it was agreed between the parties that the account of Johnston & Roberts, shown in the bill and admitted by McKinstry, was or was not to be applied to the payment of the debt of Roberts to McKinstry.