JANE BUCHANAN ET AL. v. H. H. BILGER ET AL.

(Case No. 1887.)

1. PROBATE — JURISDICTION OF DISTRICT COURT.— It is well settled that the district court has no original jurisdiction to revise the proceedings of a county court sitting in matters of probate; its jurisdiction in this respect is entirely appellate.  Following Franks v. Chapman, 60 Tex., 46.

2. CERTIORARI — BOND.— Our statutes positively require that an applicant for a certiorari from the district to the county court shall give a bond for the costs of the proceeding, or for the performance of the judgment of the district court in case it should be against him; without one of these bonds the appellate jurisdiction of the district court does not attach.  R. S., 290, 291, 292.

3. JURISDICTION — ADMINISTRATOR'S BOND — DISTRICT COURT.— An original suit on an administrator's bond cannot be brought in the district court until the administrator has been discharged.  During the pendency of an administration in a county court, that court has entire supervision of the estate, and

has full power to protect all parties concerned. This is the case even when the estate has been practically closed, if the final account of the administrator has not been passed upon.·

4. FRAUD — SUIT TO ANNUL A JUDGMENT. — The heirs of an intestate alleged in their petition that a certain party instituted suit against the intestate on a · fictitious claim, and fraudulently employed an attorney to appear for him and confess judgment; that intestate had no notice of the action, and the attorney confessed judgment without his knowledge. That afterwards the party obtained letters of administration on intestate's estate, and fraudulently allowed the judgment to be proved up against the estate. *Held:*

(1) That such a judgment was liable to be set aside and annulled by a direct proceeding instituted by a party to the suit whose rights were prejudiced by the fraud.

(2) That a suit to annul the judgment commenced in the court where the alleged fraudulent judgment was obtained, against the parties who enacted and participated in the fraud, by the heirs of the party who suffered from it, was such a direct proceeding.

(3) That had the attempt been merely to treat the judgment as a nullity in avoiding the proceedings had in the estate of intestate, then the attack would have been collateral.

5. JURISDICTION — PLEADING. — If one·good cause of action with a prayer for appropriate relief, within the jurisdiction of the court, appears in a petition, the court should not dismiss the cause.

APPEAL from Marion. Tried below before the Hon. W. P. McLean.

The opinion states the case.

*Todd & Eldridge,* for appellants, on canceling the judgment, cited: Spencer v. Kinnard, 12 Tex., 186–8; Goss v. McClaren, 17 Tex., 115–6; Roller v. Wooldridge, 46 Tex., 493.

On recovery on the bond, they cited: Evans v. Oakley, 2 Tex., 182–4; Smith v. Smith, 11 Tex., 105–7; Murphy v. Menard, id., 673; Francis v. Northcote, 6 Tex., 185; Martel v. Martel, 17 Tex., 392.

No briefs on file for appellees.

WILLIE, CHIEF JUSTICE. — The plaintiffs below sought relief on the following grounds:

1. A judgment had been rendered in the district court of Marion county against O'Hara (whose heirs the plaintiffs claimed to be) for $927.10 in favor of H. H. Bilger, which judgment they alleged to have been obtained without service upon O'Hara, and by confession of an attorney, falsely claiming to represent him, and who had fraudulently combined with Bilger to have the judgment rendered without the knowledge of the defendant.

2. This judgment was rendered upon a fictitious cause of action, and for a pretended debt which never existed, the particulars of all which are set out in the petition.

3. Bilger's ownership of this fraudulent and void judgment was used by him as the foundation for an application, as a creditor, for letters of administration upon the estate of O Hara, who died after the entry of the judgment.

4. That having obtained these letters, and qualified and given bond, he caused the pretended judgment to be proved up and allowed as a claim against the estate; and had the property of the deceased, to the value of $4,000, sold for its payment, and that of the costs and expenses of administration.

5. That the administrator wasted the assets and converted them to his own use, and the use of the attorney under whose advice he acted; the latter to the extent of $1,000.

6. That the administrator had made application for a final settlement, but that the estate was practically closed, nothing remaining to be done, though the administrator had never been discharged.

The above are substantially the most important allegations of the petition.

The prayers for relief are in substance as follows:

1. That the judgment by confession be canceled, vacated and held for naught.

2. That the plaintiffs recover of Bilger and the sureties upon his bond the said sum of $4,000 and interest, and of his attorney the said sum of $1,000.

3. That a writ of *certiorari* be granted to revise the action of the county court in granting the letters of administration and allowing and approving the judgment as a claim against the estate; and that all action of the county court in said estate be set aside and annulled; and that general relief be granted the plaintiffs.

The cause having been dismissed on demurrer for want of jurisdiction, it is not necessary to set forth any of the various special demurrers and answers to the merits pleaded by the defendants below.

It is now the well-settled doctrine of this court, that the district court has no original jurisdiction to revise and correct the proceedings, orders and decrees of a county court sitting in matters of probate. Its jurisdiction in this respect is entirely appellate, and to be exercised by means of an appeal or the writ of *certiorari* as provided in our Revised Statutes. Franks *v.* Chapman, 60 Tex., 46; S. C., 61 Tex., 576.

It is therefore apparent that, in so far as the petition sought to use the original jurisdiction of the district court to revise the orders of the county court appointing Bilger administrator of the estate of O'Hara, or allowing his claim, or performing any other act in the estate, and within the line of the probate powers of that court, it was subject to a demurrer to the jurisdiction of the court.

But the petition appealed to the appellate powers of the district court by praying for a *certiorari* to bring up these orders and decrees for revision and reversal. The plaintiffs, however, failed to pursue the provisions of the statutes in reference to *certioraris*, not having given a bond either for the costs of the proceeding, or for the performance of the judgment of the district court in case it should be against them. That one or the other of these bonds shall be given is a positive requirement of our statutes, and without it the appellate jurisdiction of the district court does not attach. R. S., 290, 291, 292.

In so far as the petition sought a recovery upon the administration bond of Bilger, it was premature in the district court. During the pendency of an administration in the county court, that court has entire supervision of the estate, and is armed with full powers to protect the interests of heirs, legatees and creditors. These are authorized to come into that court and object to any irregularities or improper conduct of the administrator in the execution of his trust; to have his accounts scrutinized and revised by the judge, and the administrator himself removed if necessary; and if the county court makes incorrect rulings in prejudice of their rights, to have them corrected on appeal to the district court. It is only after an administrator has been discharged from his trust in some manner recognized by law, that an original suit can be prosecuted upon his bond in the district court to make him and his sureties respond in damages for a waste and misappropriation of the assets of the estate. The extent of this waste cannot be known until the administrator has ceased to manage the estate, for not until then can it be ascertained in what manner and to what extent he will account to the county court for the assets committed to his charge.

The plaintiffs seemed to realize that they must show that Bilger had ceased to administer the estate, before they could sue upon his bond, and attempted to avoid the question by alleging that the estate was practically closed, and that there was nothing more to be done in it. But they showed at the same time that the final account of Bilger was still pending in the county court and had never been passed upon, and that the administrator, although seeking

a discharge, had not received it. Their allegation that the estate was closed cannot be considered as admitted by the demurrer, when they expressly aver in the same connection facts which contradict it. They drew the conclusion that the estate was closed from the facts stated; the law would draw an opposite conclusion, and none other can be admitted.

We think, therefore, that the court had no jurisdiction under the averments of the petition to give judgment against the principal and sureties on the bond.

But the petition also sought to cancel and annul the judgment rendered for Bilger against O'Hara in the district court of Marion county.

There is no doubt but that district courts may grant such relief in a proper proceeding upon a sufficient state of facts. The ground upon which it is sought here is a fraudulent combination between Bilger and an attorney-at-law, alleged to have been employed by him to confess judgment for O'Hara in the suit. It is alleged that O'Hara had no notice of the action, and that, without his knowledge, and at the instance and employment of Bilger, the attorney appeared in court and confessed judgment; all of which was in fraud of the defendant's rights. Fraud vitiates and avoids any transaction tainted by it, even the most solemn judgments of a court of record. Such a judgment is liable to be set aside and annulled by a direct proceeding instituted by a party to the suit, whose rights have been prejudiced by the fraud. This must be regarded as a direct proceeding for that purpose, commenced as it is in the court where the alleged fraudulent judgment was obtained, against the parties who enacted and participated in the fraud, by the heirs of the party who suffered from it; and, so far as this branch of the petition is concerned, seeking no other relief than to set aside the judgment and retry the cause in which it was rendered.

Had the attempt been merely to treat the judgment as a nullity in avoiding the proceedings had in the estate of O'Hara, then the attack would have been collateral. But the petition not only does this, but seeks a cancellation of the judgment itself as a specific relief, and makes all persons alleged to have participated in the fraud parties to the proceeding. Johnston v. Loop, 2 Tex., 331; Stephens v. Stephens, 62 Tex., 337; Murchison v. White, 54 Tex., 78.

We think that, in this view of the case, the action can be maintained for the purpose of annulling the judgment, and for that purpose alone, under the petition as it was presented to the court below upon demurrer to the jurisdiction.

The petition shows a meritorious defense to Bilger's supposed claim against O'Hara, which, if alleged and proved, would have defeated the action in which the judgment was rendered.

We think, therefore, that the plaintiffs were, upon the face of the petition, entitled to the relief of having the judgment annulled; but, for the reasons already stated, not to interfere with the probate proceedings, or recover upon the bond.

If one good cause of action, with a prayer for appropriate relief, within the jurisdiction of the court, appeared in the petition, the court should not have dismissed the cause. For the error in so doing, the judgment must be reversed and the cause remanded.

We have, of course, considered the case upon the allegations of the petition alone, as it was dismissed upon demurrer. It is, however, due to the defendants to say that all charges of fraud contained in the petition are fully denied in their answer.

REVERSED AND REMANDED.

[Opinion delivered November 6, 1885.]