O. J. Wiren v. R. J. Nesbitt and W. D. Richardson, Executors, et al.

No. 7419.

1. **Suit on Bond of Executors.**-·A creditor of an estate can not sue on the bond of the executor while the administration is pending.

2. **Appeal from Final Settlement Account.**—An appeal to the District Court from an order of approval of the final settlement account of an executor in the Probate Court, suspends the operation of such order as a discharge, and pending such appeal a creditor can not sue upon the bond of the executor.

3. **Appeal in Probate Court.**—Executors filed a settlement account, and with it an exhibit showing expense account claimed.   Objections were made to some items upon the exhibit by a creditor.   The objections were docketed separately in the Probate Court.   The court overruled the objections to the expense account, and on another day at same term approved the settlement account. *Held*, an appeal from the order overruling the exceptions to the expense account carried the entire case to the District Court.   A suit brought on the bond by a creditor while such appeal was pending in the District Court and in the Supreme Court was properly dismissed.

4. **Res Adjudicata.**—Where items in the settlement account of an executor are objected to by a creditor and appeal is taken and the judgment affirmed, the action of the court on appeal is final.   No other creditor can be heard upon such objection.

Appeal from Mitchell.   Tried below before Hon. William Kennedy.

*R. H. Looney,* for appellant.—The orders, decrees, and judgments of the Probate Courts, when pronounced upon subjects within their jurisdiction, are final and conclusive upon all parties thereto, and especially upon those who procured them to be entered, until vacated by the court wherein entered or some appellate tribunal.   Swan v. House, 50 Texas, 650; Rogers v. Kennard, 54 Texas, 30; Murchison v. White, 54 Texas, 78.

*Geo. W. Smith* and *Smallwood & Smith,* for appellees.—1.   An original suit upon an executor's bond can not be brought in the District Court until the administration has been closed and the executors discharged by final decree upon their account for final settlement.

2. The administration of the estate remains open until a certified copy of the judgment of the District Court sustaining the exceptions of Kenedy to the executors' expense account, has been transmitted by the clerk of the District Court to the clerk of the County Court for the observance of such court, and until the clerk of the County Court has filed such certified copy and recorded it upon the minutes of the court and noted it upon the docket, and until the county judge has made such orders as are necessary to the enforcement of such judgment. Rev. Stats., art. 2208; Richardson v. Nesbitt, 74 Texas, 507; Callaghan v. Grenet, 66 Texas, 236.

COLLARD, JUDGE, *Section A.*—This suit was brought by appellant against Nesbitt and Richardson, appellees, as principals, and other appellees as sureties, on their official bond as executors of the will of William Emmerson, administered in the Probate Court of Mitchell County.

Plaintiff below was a creditor of the estate and owner of an unpaid claim, which had been allowed and approved and assigned to the fourth class. The right to sue on the bond is predicated on averments that the final account of the executors, showing that all the estate had been consumed in payment of first, second, and third class claims, had been approved, and that they had been discharged, while in fact they still had in their possession $1110.96 which ought to be paid to fourth class creditors, of which amount, when properly prorated among such creditors, plaintiff would be entitled to $744.33 and interest from the day of alleged close of the administration—the 2d day of November, 1888. The plaintiff conceded the principle that he could not sue upon the bond unless the administration had been closed. Buchanan v. Bilger, 64 Texas, 592.

The suit was filed July 24, 1889. The executors filed in the Probate Court their final account, asking their discharge, September 20, 1888. The account contained many items of debit and credit, and among others of credit, their expense account during administration, including commissions, amounting in all to $2275.38. The itemized expense account was attached to the final report and account as an exhibit "A." A creditor, James Little, on October 13, filed objections to the final account and the account for expenses, attacking several items in the latter as improper expenses of administration. The expense account was docketed on the claim docket, and on the 27th of October, 1888, the objections thereto were heard and overruled, and the entire account approved as expenses of administration. From this judgment Graham Kenedy, also a creditor of the fourth class, having joined with Little in the objections, appealed to the District Court; and on November 2 the court acted on the final account, approved the same, and discharged the executors, the estate having been exhausted without paying the fourth class creditors, except a very small amount. No other orders were made in the Probate Court. Kenedy prosecuted his appeal to the District Court, where, on

January 3, 1889, the cause was heard, and certain objections to the expense account were sustained, to the amount of $402.89, reducing the same to that extent. The executors appealed to the Supreme Court, where the judgment of the District Court was affirmed, the mandate being filed in the District Court on the day of the trial of this cause.

The presiding judge concluded that the suit was prematurely brought, and if it were not, there were no funds with which to pay plaintiffs.

The only question we deem it necessary to notice is, whether the suit was improperly brought on the bond before the close of the administration. The case of the executors against Kenedy, appealed from the District Court to the Supreme Court as shown, is reported in volume 74 of the reports of this State, page 507. Justice Henry, delivering the opinion in that case, uses the following language: "As the expense account of the executors was presented with and as a part of their final exhibit, and was acted upon in the County Court upon the same day that the final exhibit was, we think the action of the court in docketing and approving the account, and in overruling the exceptions to it, and in approving the final exhibit, including the claim of the executors, was substantially one and the same judgment, and the creditor's appeal carried into the District Court the whole case, and that there was no error in overruling the executors' plea of former recovery." The record then before the court showed that both orders were passed by the Probate Court on the same day, while the record before us shows that there were several days between the order approving the expense account and the order approving the final account. But we think that this is not material.

The objections to the final account were the same as made to the expense account; the appeal from the order approving the expense account virtually appealed that part of the final account, and the last order could not take effect while the appeal was pending, and not at all unless the appellate court had sustained the expense account as approved by the County Court. Indeed, the County Court for probate could not discharge the executors and approve their final account pending the appeal. The judgment on the final account and the judgment on items of expense therein constituted practically but one judgment; and the last order was as effectually suspended by the appeal as the first. The entire judgment was vacated (Callaghan v. Grenet, 66 Texas, 237) if it could be held that the last order could ever have effect. The appeal required the case to be tried de novo in the District Court.

During the appeal the creditors could not sue on the bond any more than pending the action of the Probate Court on the account. The result of the appeal leaves the estate still under the control of the Probate Court not fully administered: funds in the hands of the executors to be distributed under the direction of that court. We should say, to prevent further confusion, that the judgment of the Supreme Court affirming that

of the District Court in relation to the expense account is final. The same matters can not be again adjudicated by other creditors in the Probate Court, nor can such judgment be attacked collaterally in a suit on the bond after final close of the administration.

There was no error in the conclusion of lower court, that the administration was not closed, and that the suit on the bond could not be maintained. The judgment ought to be affirmed.

*Affirmed.*

Adopted June 21, 1892.