### Annie Yates v. Willis Yates et al.

*Decided May 10, 1902.*

**Community Property—Administration—Partition—Suit Against Administrator.**

Where there is an administration of the community estate of a deceased husband and his surviving wife, and the probate court, upon the application of the latter, decrees a partition as provided by statute as to such estates, and allots to such survivor her share of the property, and the administrator refuses to deliver it to her, she can enforce her right by action against him in any court having jurisdiction of the amount, without awaiting the close of the administration.

Appeal from the County Court of Harris.   Tried below before Hon. E. H. Vasmer.

*F. F. & E. T. Chew,* for appellant.

GILL, ASSOCIATE JUSTICE.—This suit was brought by Annie Yates, surviving widow of Jack Yates, deceased, against Willis Yates, administrator of the community estate of deceased and his surviving wife, and the surety on his bond as such.   It was brought in the Justice Court, and the purpose of the suit was to recover of the administrator the sum of $102 alleged to have been partitioned to appellant by an order of the probate court in which the administration was pending upon her application for such, filed under article 2183 of the Revised Statutes.   The orders of the probate court made in pursuance of her application, her compliance with the statute, the fact of partition, that the sum sued for was allotted to her, and that the administrator had refused to pay it, were fully alleged.   To this petition the administrator interposed a general demurrer, which on appeal to the County Court was sustained by the trial court on the ground that a separate suit such as this could not be maintained until the administration was closed, and in the absence of such an allegation the petition was bad on demurrer.

From the judgment of the court on this demurrer Annie Yates has appealed.   There is no brief for appellees.   Revised Statutes, article 2183, under which the partition is alleged to have been made, is as follows:

"When any husband or wife shall die leaving any common property, the survivor may at any time after letters testamentary or of administration have been granted and an inventory, appraisement, and list of claims have been returned, make application in writing to the court which granted such letters, for a partition of such common property, which application shall be acted on at some regular term of the court."

Article 2184 provides that such partition shall be made and half the common property turned over by the administrator to the applicant, upon execution by the applicant of a bond with two sureties for an amount equal to the part of the estate allotted to her, conditioned that she shall pay one half of all the debts against the common property.   This article further provides that all the provisions of the chapter in which it is found respecting partition and distribution shall apply to the partition under article 2183 so far as applicable.   Article 2185 provides for a lien in behalf of creditors on the property thus allotted to the applicant, and for judgment on her bond for one-half the debts established against the estate.   It thus clearly appears that the property thus allotted to the widow is effectually withdrawn from the administration and the bond has taken its place; that the administrator has no longer dominion over it.   The applicant, having complied with the statutory requirements, has the absolute right to its immediate possession.   The judgment of the probate court awarding the property to her fixed and established this

right, and the sole duty of the administrator with reference thereto was to promptly surrender possession. This right in the applicant being immediate and absolute, it follows inevitably that she can proceed to enforce her right in any court having jurisdiction without awaiting the close of the administration. As to the property adjudged to her, administration was effectually closed and it was no longer affected thereby. Such right against the property as is accorded to creditors could not be enforced by the administrator, but only in a suit by the creditors themselves. For these reasons the case of Buchanan v. Bulger, 64 Texas, 592, does not apply. In that case it is said: "In a suit against the administrator and his bondsmen for waste of property belonging to the estate, the extent of the alleged waste can not be known until the administrator has ceased to manage the estate, for not until then can it be ascertained in what manner and to what extent he will account to the court for the assets committed to his charge."

It was therefore held that a suit for waste could not be maintained until close of administration. Here the estate allotted to the applicant is no longer "committed to the administrator's charge." His dominion over it is ended. To hold that the applicant must await the close of the administration before she could enforce the rights fixed by the proceeding would be to practically deny to her the advantage accorded by the statute. We think the case of Stewart v. Morrison, 81 Texas, 397, announces the rule which should govern here. In that case the probate court had ordered final distribution of the estate to the heirs, but administration had not in fact closed, as the administrator had not filed the receipts of the heirs and procured his final discharge. In a sense the administration was still pending. Because of his failure to turn over to the heirs the portion of the estate allotted to them they sued the administrator and his bondsmen. The point was made that the suit could not be maintained because the administration was still pending. It was held that the point was not well taken. That everything had been adjudicated and determined in so far as the probate court had jurisdiction, and that the articles of the statute with reference to suits against an administrator for failure to obey the orders of the probate court commanding him to turn over property to the distributees became applicable. The articles of the statute referred to are 2103 and 2182. The first of these articles provides that if an administrator shall fail when demanded to pay over to the person named money ordered by the court to be so paid, he and his sureties shall be liable for 5 per cent per month damages, recoverable in any court having jurisdiction of the amount.

Article 2182 provides that a like failure to turn over property ordered to be turned over to persons named as entitled thereto shall subject the administrator to a liability for 10 per cent damages per month, recoverable in any court having jurisdiction of the amount. In Stuart v. Morrison, supra, it is further held that these statutes authorize such a suit not alone for the damages but for the sum or property ordered to be

turned over. For the reasons given herein we are of opinion the trial court erred in sustaining the demurrer. The judgment is therefore reversed and the cause remanded for trial on the merits.

*Reversed and remanded.*