App. 572, 118 S. W. 1146. In the last case writ of error was refused.

We can perceive no reason which would render void between the parties an ordinary chattel mortgage, which would not have equal application in principle to a verbal reservation of title in chattels. Indeed, the reason for the common-law rule that a chattel mortgage may be created by parol "results from the established principle that at common law a valid sale or transfer of personal property need not be in writing." Jones on Chattel Mortgages (3d Ed.) § 2. Nor can we perceive any valid reason why the common law upon this subject, as declared by the highest courts of other American states, should not be held of force in this state until the policy of the law has been declared otherwise by the legislative branch of the state government.

We conclude, therefore, that the first question should be answered in the affirmative.

[4] The second question, we think, should be answered in the negative. R. S. art. 3793, provides that personal property exemptions shall not apply when the debt is secured by lien on such property. There is no provision which in any way regulates the form or manner in which such liens shall be created or by means of which they shall be evidenced. In the absence of such regulation we think it only requisite that the lien be such as the law generally recognizes as valid.

[5] From the equity rule which regards that as done which ought to be done, it is now generally held that an agreement to give a mortgage, when supported by a valuable consideration, creates an equitable lien. 3 Pomeroy's Equity Jurisprudence, § 1237. While this rule is not applicable to real estate where the agreement is verbal, as contravening the statute of frauds, still, even as to real estate, such verbal agreement creates an equitable lien where money is advanced with which to purchase the property, and is actually so used. Lumber Co. v. Bank, 71 Kan. 158, 80 Pac. 49, 114 Am. St. Rep. 470, 6 Ann. Cas. 44, and authorities cited in note at page 46. In the above case of Prude v. Campbell a verbal agreement to sell range cattle was held enforceable, although a parol transfer would have been void under R. S. art. 7172. That a verbal agreement to give a chattel mortgage creates an equitable lien is now well settled. Jones on Chattel Mortgages (3d Ed.) § 3; Edwards v. Mayes, supra; Davis v. Childers, 45 S. C. 133, 22 S. E. 784, 55 Am. St. Rep. 757.

We conclude that the third question should be answered in the affirmative.

CURETON, C. J. The opinion of the Commission of Appeals answering certified questions is adopted, and ordered certified to the Court of Civil Appeals.

---

**BAIN et al. v. COATS et al. (No. 311–3641.)**

(Commission of Appeals of Texas, Section B. Oct. 18, 1922.)

1. **Executors and administrators** ⬥7 — **Will held to authorize probate court to "require" report of executors.**

Where a will directed that no other action should be had in the county court other than to prove and record the will, return an inventory and appraisement, and to file, approve, and record the bond of the executors, and to "require" a report of all the acts of the executors in the administration of the estate, the will was not sufficient, under Rev. St. 1911, art. 3362, to remove the administration of the estate beyond the jurisdiction of the probate court so as to deprive it of the power and duty to require the executors to file a report of all their acts; the word "require" meaning to demand, to claim as by right and authority.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Require.]

2. **Executors and administrators** ⬥509(4) — **County court may set aside judgment on final account of executors for fraud, accident or mistake.**

Where a county court has jurisdiction to enter a judgment approving the final account of executors, it also has jurisdiction to set it aside on a proper showing of fraud, accident, or mistake.

3. **Executors and administrators** ⬥509(10)— **Where approval of final account vacated, status remains as before its entry.**

Where a county court sets aside a decree approving the final account of executors and discharging them and their sureties, the vacated judgment was entirely destroyed, and the administration was left in the same status as existed before such judgment was entered.

4. **Executors and administrators** ⬥537(5)— **Discharge of administrator essential before suit on bond for waste or misappropriation.**

No suit on the bond of an administrator to make him and his sureties responsible for damages for waste or misappropriation can be maintained until after the administration is closed.

5. **Executors and administrators** ⬥537(5)— **No suit on bond of executors during pendency of appeal from judgment vacating final account.**

Where final account of executors has been vacated by the county court and the case has been removed to the district court for trial de novo, suit could not be brought on the bond of the executors pending the appeal or pendency of the suit in the district court.

6. **Action** ⬥57(1)—**Consolidation of suits on executors' bond pending trial de novo on vacation of final account on certiorari held error.**

Where, pending trial de novo in the district court on review of a judgment of the county court vacating an approval of the final account of executors, suits had been brought on the executors' bond, it was error to consolidate

---

such suits or to entertain any suit on the bond, the trial de novo requiring consideration only of the grounds specified in the application for certiorari, in view of Rev. St. 1911, art. 740.

Error to Court of Civil Appeals of Fourth Supreme Judicial District.

Suit by Mrs. R. H. Coats and others against L. E. Bain and others. Judgment for plaintiffs was reversed on appeal from the Court of Civil Appeals (228 S. W. 571), and defendants bring error. Reversed and remanded, with instructions as recommended by Commission of Appeals.

A. J. Parker and Lewright & Lewright, all of San Antonio, and Chas. L. Black, of Austin, for plaintiffs in error.

J. B. Dibrell, of Seguin, Bell & Brown, of Karnes City, and J. D. Dodson, of San Antonio, for defendants in error.

HAMILTON, J. On November 20, 1913, W. G. Butler, Jr., of Karnes county died, giving, devising, and bequeathing, by the terms of his last will and testament his entire estate, after payment of his debts, to his surviving wife, Mrs. Ira Butler. The fourth and sixth paragraphs of that will are respectively as follows:

"4. I hereby constitute and appoint my friends A. J. Parker of Karnes City, Texas, and L. E. Bain, of Kenedy, Texas, executors of my last will and testament, fully and completely to pay off and discharge all of my just debts, and if it is necessary in the administration of my estate to sell any of my property to pay my said debts, then I hereby authorize and direct my said executors to make such sales, as are necessary in order to obtain funds with which to pay off said debts, but my said executors shall not be exempt from giving bond as required by law, in the administration of estates under the statutes of the state of Texas."

"6. It is my will that no other action shall be had in the county court, in the administration of my estate than to prove, and record this will, to return an inventory and appraisement of my estate, to file, approve and record the bond of my executors or executor, as the case may be, and to require a report of all the acts of my executors, or executor, in the said administration of my estate."

This will was probated on February 16, 1914. The above-named executors qualified, as such, on February 17, 1914, giving bond with J. L. Bain, E. C. Seale, and T. G. Butler as sureties. On the 2d day of May, 1917, the executors filed, in the county court of Karnes county, their final account, and, on the 26th day of May, 1917, that court entered judgment approving that account and discharging the executors and their sureties on the bond. In May, 1919, Mrs. Ira Butler married R. H. Coats. On July 17, 1919, she, joined by him, filed a petition, denominated by them a bill of review, in the county court of Karnes county, against L. E. Bain and A. J. Parker, individually and as executors of the estate, and against their sureties, as such, to set aside and vacate the order of the county court of Karnes county approving the final account of the executors, and discharging them and the sureties on their official bond, on the ground of fraud and misappropriation and misapplication of assets of the estate by the executors, and of fraud in procuring the decree of May 26, 1917. Neither the original nor the first amended bill of review appears in the record. Only the second amended bill of review, filed in the county court on February 11, 1920, is contained therein.

The petition sets out the losses, mismanagement, etc., some generally and some specifically. It closes with prayer for the following relief:

"First, should the court find that the administration was an independent administration, and the court entering said order was without jurisdiction, your petitioner prays that said order be set aside in its entirety; second, should the court determine that said administration was not an independent administration, but one wholly within the jurisdiction of said court, and that for any reason alleged in this bill of review said order and judgment should be set aside, then your petitioner prays that said order be set aside in so far as it approved and found correct said final account and discharging said bondsman, and your petitioner further prays for costs and all other relief, special and general in law and in equity, petitioner may be entitled to in the judgment of this court."

Defendants in error's "first supplemental petition," filed in county court, March 5, 1920, contained no allegation of fact whatever. Their first trial amendment, filed May 29, 1920, alleges other acts of fraud and collusion between the executors and J. L. Bain and overreaching conduct on the part of L. E. Bain, and adds:

"The facts in support of each of the foregoing transactions are fully alleged in suits now pending, and plaintiffs say that they are informed and believe and charge the fact to be that the defendants expect to defend and to defeat all said causes of action in reliance upon the order of judgment of court here complained of, and, unless the same be set aside, the same will embarrass plaintiffs, if not defeat them, in the recovery of their moneys so wrongfully taken, and the defendants Bain and Parker will be thereby protected in withholding the same by virtue of the fraudulent order or judgment procured to be entered in this court by them."

In this they "pray as in their second amended original petition, and for general relief."

A second trial amendment, filed by defendants in error on March 5, 1920, alleging more acts of fraud, etc., closes as follows:

"Plaintiffs say that said account by reason of the foregoing specific items, said account contains so many irregular and improper charges, and, the order of May 26, 1917, having been entered without legal service and notice, that

the court should require the executors to reaccount and submit themselves to full examination thereon. That if said order be not set aside the estate will suffer the loss of the unjust items specifically pleaded, and plaintiffs charge that in addition a reaccounting will disclose further items in a large amount to which the executors would be indebted to this estate. Wherefore plaintiffs pray that said order be set aside, a reaccounting ordered, and as in their second amended original petition, and for general relief." '

On the same day that defendants in error filed the petition to set aside the judgment of the county court of Karnes county, July 17, 1919, they filed, in the district court of Karnes county, suit No. 2187, against A. J. Parker and L. E. Bain, as executors, and in their individual capacities, and T. G. Butler, E. C. Seale, and J. L. Bain as sureties on the bond of Parker and Bain,' executors, and as individuals, for $100,000, alleging in general terms that the executors, Parker and Bain, had "misapplied and appropriated to their own use and benefit property and assets of the estate of W. G. Butler, Jr., deceased, of the value of $100,000, and praying for judgment for that amount.

Two days later, on July 19, 1919, defendants in error filed in the district court of Karnes county a suit, No. 2188, to vacate and annul a deed executed by the executors and Mrs. Ira Butler, conveying to J. L. Bain 900 acres of the W. G. Butler estate, and to recover $13,567.99, alleged to be due J. L. Bain for that portion of a 3,018-acre tract of the Butler land, conveyed to him by the executors, which J. L. Bain had resold. The money sought to be recovered was the unpaid portion of the purchase price of that portion of the 3,018-acre tract resold by J. L. Bain; and the 900 acres sought to be recovered was the unsold portion of the 3,018-acre tract. The petition alleged fraud and collusion by and between the executors and J. L. Bain, in the purchase of that land by Bain. The prayer was for:

,"Judgment canceling, vacating, and annulling said deed of conveyance, so executed and delivered by said defendants, A. J. Parker, L. E. Bain, and plaintiff to the defendant J. L. Bain, of date February 19, 1917, and recorded in volume 53, p. 578 et seq., of the Deed Records of Karnes County, Texas, and for the recovery of the said tract of 900 acres and the tract of 146.2 acres, being that portion of 3,018 acres unsold, at this date by the said J. L. Bain, and that she have judgment quieting her title to said land and her possession thereto, and that she have judgment in the sum of $1,000, as the reasonable rent due for said land, and that in addition of judgment, for said tract of land here sued for, and $1,000, rent, plaintiff asks judgment for the sum of $13,567.99 so due and payable to the said J. L. Bain, by the said several parties herein named, and that said parties be relieved from the payment of said notes to the said J. L. Bain, or to any person to whom he may transfer or assign said notes, after the filing of this suit, and plaintiff prays for costs, and for general and equitable relief, as in duty bound she will ever pray."

Plaintiffs in error filed answers in all the cases, consisting of demurrers, special exceptions, denials, and special pleas, the contents of which are unimportant here.

On March 4, 1920, the cause in the county court was heard, and on March 6, 1920, that court, by proper order, vacated and set aside its order and decree of May 26, 1917, approving the final account of Bain and Parker as executors, and discharging them and their sureties, and ordered the executors to "file a report of their acts as executors of the estate of W. G. Butler, Jr., deceased, showing a full, true, and complete accounting thereof to the date same shall be filed, which date shall be not later than April 10, 1920."

On April 9, 1920, the executors as such and as individuals and their sureties on official bond filed in the district court of Karnes county their petition for a writ of certiorari from the district court to the county court of Karnes county to revise and correct alleged errors of the county court in its decree of March 6th, vacating its previous order approving final account of the executors, and discharging them and their sureties on the executors' bond. The application had already been granted by the judge in chambers. The executors and their sureties gave bond, and the transcript was filed in the district court of Karnes county May 29, 1920, and the cause was docketed No. 2225 in that court. Supersedeas bond also was filed.

On June 10, 1920, defendants in error, Mrs. Coats and her husband, filed in cause No. 2225 a motion to consolidate causes Nos. 2187 and 2188 with No. 2225. Plaintiffs in error filed written answer in opposition to consolidation. The court granted the motion to consolidate the three cases, and upon motion of plaintiffs in error ordered defendants in error to replead and cast into one pleading under cause No. 2225 the causes of action in causes Nos. 2187, 2188, and 2225.

On June 11, 1920, defendants in error filed their fourth amended original bill of review and repleader in cause No. 2225, consolidating therein the three causes Nos. 2225, 2187, and 2188, as ordered by the court, entitled Mrs. R. H. Coats et al. v. L. E. Bain et al. Plaintiffs in error filed their third amended original answer in answer thereto. Upon these two last-mentioned pleadings, the cause went to trial in the district court.

The case was submitted to the jury upon special issues, upon answers to which the court rendered judgment in favor of defendants in error, plaintiffs below, a portion of which follows:

"(1) The court is of the opinion, and considers and so adjudges, that plaintiffs should not be awarded, and they are hereby denied, judgment for any portion of the profits realized

from the sale of land contained in the 3,018 acres and for the portion of said land yet unsold in the hands of J. L. Bain, aggregating 878.89 acres but that upon the finding of the jury that the contract and deed executed and delivered to the defendant J. L. Bain, at $18 per acre, was fraudulent, and in that event the court is of the opinion that the contract dated February 15, 1916, at $22 per acre, and the notes based thereon, aggregating $60,396, are in full force and effect, and fix or determine the rights existing between plaintiffs and defendants as to recovery predicated upon the 3,018 acres of land deeded to J. L. Bain, and the court finding that the vendor's lien notes executed by J. L. Bain were secured by vendor's lien on 3,018 acres of land sold to J. L. Bain by L. E. Bain and A. J. Parker, executors of the estate of W. G. Butler, Jr., deceased, and Mrs. Ira Butler, now Mrs. R. H. Coats, on the 19th day of February, 1917, and recorded in volume 53, on page 778, of the Deed Records of Karnes County, Texas, and which is described by metes and bounds as follows, to wit, * * * and it further appearing to the court that the defendant J. L. Bain wholly made default in payment of both principal and interest due on said notes on February 15, 1917, and but for the existence of the contract found by the jury to be fraudulent the executors would have declared said entire amount, principal, and interest and attorney's fees, due on said date, and that no payment was credited to said estate until April 5, 1917, on which day the sum of $48,324 was credited to said estate, and that on said date the total amount due and then payable on said notes, principal, interest, and attorney's fees was $71,732.49, and the court, being of the further opinion that said credit should be applied on said date to said sum due, so orders, and the court considers and so finds, that plaintiffs are entitled to, and awards them, judgment against the defendant J. L. Bain individually for the sum of $28,887.43, with interest from this date until paid at the rate of 7 per cent. per annum, and for foreclosure of the vendor's lien as above described to secure the payment thereof, for order of sale, writ of possession, and for execution for any deficiency which may remain after sale. The court is of the further opinion, and so considers, adjudges, and decrees, that the plaintiffs should be, and they are hereby, denied cancellation of the deed of trust executed and delivered to L. E. Bain February 15, 1917, but the same is in all things inferior and subordinate to the vendor's lien found to exist in favor of plaintiffs above described and foreclosed."

Plaintiffs in error appealed, and the Court of Civil Appeals rendered therein judgment as follows:

"Those portions of the judgment are reversed that denied a recovery to appellee for the 878.89 acres of the remaining unsold land, and which refused to cancel deed of trust to L. E. Bain by J. L. Bain of February 15, 1917, and that portion denying a recovery for the $15,000 realized from the sale of land, and that portion of the loss sustained, account of Maulding sale of $10,000, established by the undisputed evidence, and that part of the court's judgment awarding to appellee $28,887.43, is reversed, and judgment rendered for appellee against the appellants as principals and sureties for $15,000 found by the jury as net profits with lawful interest, realized from sales of land alleged fraudulently procured and for $10,000 damages arising on account of Maulding sale of land, and affirm that part of the judgment in favor of appellee for $28,543.26.

"The judgment of the district court is reversed, and judgment is here rendered in favor of appellees, against appellants for $15,000 net profits arising from the fraudulent sale of lands, for $10,000, accruing from Maulding sale of land, and for $28,543.26, amounting in the aggregate to $53,543.26, with 6 per cent. interest from June 26, 1920, date of judgment in the trial court, and for all costs in this behalf expended."

Writ of error was granted by the Supreme Court, and the case has been assigned to us.

At the threshold of the case we are met with the necessity of considering whether the will of W. G. Butler, Jr., deceased, is sufficient, under article 3362, Rev. Civ. St. 1911, to remove the administration of the estate beyond the jurisdiction of the probate court so as to deprive the court of power and duty to require and order the executors to prepare and file a report of all their acts as executors of the estate of W. G. Butler, Jr., deceased, to approve it and to discharge the executors and their sureties on their official bond. If the will did so withdraw the estate from the jurisdiction of the probate court, then all the county court proceedings involved in this case may be passed without further notice, because they in that event would be null and void. Otherwise, some of those proceedings become important in the determination of the whole case.

The statutes are:

"Art. 3358. When a will has been probated, its provisions and directions shall be executed, unless the same are annulled or suspended by order of the court probating the same in a proceeding instituted for that purpose by some person interested in the estate."

"Art. 3362. Any person capable of making a will may so provide in his will that no other action shall be had in the county court in relation to the settlement of his estate than the probating and recording of his will, and the return of an inventory, appraisement and lists of claims of his estate."

[1] W. G. Butler, Jr.'s, will does not provide that no other action shall be had in the county court in relation to the settlement of his estate than the probating and recording of his will and the return of an inventory, appraisement, and list of claims of his estate. It authorizes the court to "require a report of all the acts of my executors, or executor." This provision of the will is not tantamount to a direction by the testator to an independent executor to file a report of all his acts. In such a case, the probate court would have no power or duty to perform concerning the matter, except when

specially invoked by the suit of an interested party. In the case at bar, it becomes the duty of the court, of its own motion, to have the provision carried out. The word "require," as defined by Webster, means, in this age:

"To demand; to claim as by right and authority; to exact; to impose a command or compulsion upon one to do something."

Therefore the will did not leave it optional with the executors to file the report or not, but imposed upon the court the express duty to see that the report should be filed. The court already had jurisdiction, possessed the power, and was under the duty to do so, unless the will withdrew the administration from that jurisdiction. This it did not do. The power to "require a report of all the acts of my executors in the administration of my estate" includes the power and duty of the court to examine and audit the report when filed to ascertain whether it includes "all" those acts or not. Otherwise, the court could not know whether it included all their acts or not. That power also included and invoked the power and duty of the court to reject a report of less than all the acts, and in that case to order another report including all the acts.

The duty to require such a report was one continuing until such a report had been filed. Such a report might have been filed voluntarily by the executors. The object of the provision of the will was to secure the filing of such a report, and, whether filed voluntarily or in obedience to an order of the court, its filing would have satisfied all the requirements of the provision of the will, except that, in either case, it was the duty of the court, under the terms of the will, to examine such report to see that it included all the acts of the executors and then to approve it. The power to require such a report implied the power and imposed the duty upon the court to approve such a report when filed.

[2] Since the will does not remove the administration of the probate court so as to deprive it of the power to require and order the executors to file such a report, nor of the power to audit and approve such a report, that court had jurisdiction to enter the order and decree of May 26, 1917, approving the final account of the executors, and finally discharging them and their sureties on their bond, as such, the court finding, as his decree recites, that the account was correct and should be approved. That judgment was therefore, valid and binding until set aside by a direct proceeding for that purpose. Having jurisdiction to enter that judgment, the court had jurisdiction to set it aside on a proper showing of fraud, accident, or mistake in obtaining it. Buchanan v. Bilger, 64 Tex. 589; Murchison v. White, 54 Tex. 78; Nichols v. Dibrell, 61 Tex. 539; Plummer v.

Power, 29 Tex. 7; Burnley v. Rice, 21 Tex. 171; Giddings v. Steele, 28 Tex. 732, 91 Am. Dec. 336; Reunbuhl v. Heffron (Tex. Civ. App.) 38 S. W. 1028. That showing is made by the defendants in error in their "bill of review" filed in the county court of Karnes county to vacate and set aside that judgment. The court had jurisdiction and power to vacate the judgment as it did.

[3] When the county court of Karnes county, by its judgment of date March 6, 1920, vacated and set aside its order and decree of date May 26, 1917, approving the final account of Bain and Parker as executors, and discharging them and their sureties on the bond, it entirely destroyed the vacated judgment and left the administration in the same status, with reference to the final account and closing of the estate, as existed before that judgment was entered.

"Where a judgment is vacated or set aside, it is entirely destroyed, and the rights of the parties are left as if no such judgment had ever been entered, and it affords no justification for acts done before the order of vacation, although generally the rights of third persons, such as purchasers in good faith who have relied on the judgment, will be saved." 23 Cyc. 973, par. 1, and authorities there cited.

No final account or report as required by the will had been filed. The estate was not closed. There remained to be done, by the executors, the filing of the report of all their acts in the administration of the estate, and by the court, the audit and approval of that report, or the refusal of the executors to file it, before the administration could be closed. The vacating judgment contained an order directing the executors to file such an account. There was no refusal by the executors to comply with that order. They gave a supersedeas bond, and took the cause to the district court by virtue of a writ of certiorari to have reviewed the vacating judgment of the county court and the order to file such an account. This action vacated the judgment sought to be reviewed, and the case stood in the district court for trial de novo. Callaghan v. Grenet, 66 Tex. 236, 18 S. W. 507.

[4] No suit on the bond of an administrator to make him and his sureties responsible for damages for waste or misappropriation of assets can be maintained until after the administration is closed and the administration is discharged. Our Supreme Court said in the case of Buchanan v. Bilger, 64 Tex. 589:

"During the pendency of an administration in the county court, that court has entire supervision of the estate, and is armed with full powers to protect the interests of heirs, legatees, and creditors. These are authorized to come into that court and object to any irregularities or improper conduct of the administrator in the execution of his trust; to have his accounts scrutinized and revised by the judge, and the

administrator himself removed if necessary; and if the county court makes incorrect rulings in prejudice of their rights, to have them corrected on appeal to the district court. It is only after an administrator has been discharged from his trust in some manner recognized by law, that an original suit can be prosecuted upon his bond in the district court to make him and his sureties respond in damages for a waste and misappropriation of the assets of the estate. The extent of this waste cannot be known until the administrator has ceased to manage the estate, for not until then can it be ascertained in what manner and to what extent he will account to the county court for the assets committed to his charge."

[5] The province of the district court in the probate matter carried there on certiorari from the county court was to determine whether or not the judgment of that court setting aside its former judgment approving the executors' final account and discharging them and their sureties on their official bond was a proper judgment, and, if not, to render a proper one, and to certify in either case its judgment to the county court. In the trial de novo the district court should have vacated and set aside the first county court judgment, as the county court did, or it should have refused to set it aside, thereby determining that the administration had been closed and the executors and their sureties discharged, or that neither of these were true. Before the termination of the district court's action in the case, it cannot be said that the final account had been filed and approved, or that the executors and their sureties had been discharged, or that the administration had been closed. No one could sue on the bond of the executors pending the appeal, or pendency of the suit in the district court. Wiren v. Nesbitt et al., 85 Tex. 286, 20 S. W. 128.

[6] But in this case the district court consolidated the case in which its judgment, if tried alone, would have determined whether a suit on the bond could then be maintained with two suits on that bond, and considered the three together as one suit. At the same time and in the same suit, the court was determining questions involving whether a suit might be brought on the bond and trying a suit on the bond. Such a procedure was contrary to law, and the court erred in the consolidation of the suits and in entertaining any suit on the executors' bond.

Since the probate case taken to the district court on certiorari should have been tried there de novo on the grounds specified in the application for the writ of certiorari and on these alone (Revised Civil Statutes 1911, art. 740; Huston v. Clute, 19 Tex. 178; Goodman v. Schwind [Tex. Civ. App.] 186 S. W. 282; Carr v. Froelich [Tex. Civ. App.] 220 S. W. 137; Hall v. Davison [Tex. Civ. App.] 176 S. W. 642; McAllen v. Wood [Tex. Civ. App.] 201 S. W. 433), and since it was not so tried, but was tried in consolidation with causes Nos. 2187 and 2188, each of which was prematurely brought and prematurely tried, we do not think it necessary or proper to pass on any other question, and recommend that the judgments of the district court and the Court of Civil Appeals be reversed, and that the cause be remanded to the district court, with instructions to sever the causes and try cause No. 2225 on the grounds specified in the application for writ of certiorari, and to certify its judgment to the county court of Karnes county.

CURETON, C. J. The judgments of the district court and Court of Civil Appeals both reversed, and the cause remanded to the district court with instructions as recommended by the Commission of Appeals.