**HELGE et al. v. AMERICAN CENTRAL·
LIFE INS. CO. et al.**

No. 8773.

Court of Civil Appeals of Texas.   Austin.
Dec. 14, 1938.

Rehearing Denied Feb. 1, 1939.

J. E. Shropshire, of Brady, for appellants.

Newman & McCollum, of Brady, for appellee American United Life Ins. Co.

Adkins & Adkins, of Brady, for appellee E. J. Helge, executor of E. V. Helge's Estate.

W. J. Gerron and I. J. Burns, both of Brady, for appellee S. W. Hughes.

BAUGH, Justice.

This suit was originally filed by the American Central Life Insurance Company against Augusta Helge, a feme sole, as maker, on a mortgage bond in the sum of $3,000, dated February 10, 1927, due January 1, 1937, payable to S. W. Hughes, and to foreclose a deed of trust lien on 154 acres of land in McCulloch County given by her to secure its payment. This bond and mortgage was assigned by Hughes to said plaintiff on February 15, 1927. While said suit was pending, the American United Life Insurance Company acquired the assets of the American Central Life Insurance Company, and was substituted as plaintiff. Meantime Mrs. Augusta Helge died testate, and the independent executor of her estate was made a party defendant. Both in the original and amended petitions, foreclosure of said lien was sought against Ernest J. Helge, executor of the estate of E. V. Helge, deceased, and his surviving widow, Hazel Helge, and against their several named children, under allegations that they were claiming an interest in said lands; but no personal judgment was sought against any of said last named defendants.

Hazel Helge, for herself, and as next friend of her minor children, defended on the grounds that said lands had at all times been the homestead of herself and husband, E. V. Helge, until his death in April, 1930, and thereafter of herself and her minor children; that the deed from herself and E. V. Helge to his mother, Augusta Helge, dated January 1, 1927, wherein Augusta Helge executed a series of vendor's lien notes payable to E. V. Helge to take up and extend a part of which the loan here involved was made, was but a simulated transaction for the purpose of

fixing a mortgage on their homestead; that S. W. Hughes knew all these facts; and that the deed of trust sought to be foreclosed was therefore void. She also filed a cross-action against S. W. Hughes for damages for fraud in the event foreclosure be allowed the plaintiff; and a cross-action for damages against Ernest J. Helge, executor of the will of her deceased husband, and his bondsmen, alleging that he had dissipated and misappropriated her husband's estate and had failed to pay off the debt herein sued upon, though her husband's will had so directed him and he had had sufficient funds on hand belonging to the estate of her deceased husband with which to do so. Numerous pleas, and counter pleas, were filed but the foregoing general statement will suffice for our inquiry here.

The case was tried to a jury, but at the close of the evidence the trial court intructed a verdict in favor of the plaintiff for its debt; in favor of Hughes on the cross-action against him; dismissed Hazel Helge's cross-action against Ernest Helge, executor of her husband's estate; established the validity of plaintiff's lien on the land; and ordered its judgment certified to the probate court for observance. From this judgment Hazel Helge and her children prosecute this appeal on affidavit of inability to pay costs.

The following facts are not controverted: E. V. Helge purchased said lands in 1915 and occupied same continuously thereafter as a homestead. As part of the purchase price he executed fourteen vendor's lien notes for the sum of $176.10 each, maturing one each year from 1918 to 1931. Eight of these notes were purchased by F. M. Newman, and when the loan here involved was made in February, 1927, there remained unpaid of this series, the sum of $1,151.51. On January 1, 1927, E. V. Helge and wife conveyed said lands by general warranty deed, which was duly recorded, to Augusta Helge, for a recited consideration of $8,470, of which $1,000 was recited to be cash; and the execution by Augusta Helge of eight vendor's lien notes payable to E. V. Helge—the first three being for the sum of $1,000 each, due in 1, 2, and 3 years, and made a prior lien on said lands; and the remaining five notes for $894 each, secured by a second lien on said lands. The first three of these notes were assigned by E. V. Helge to S. W. Hughes, and merged into and extended

by Augusta Helge, the maker thereof, in the note or bond here involved, and a deed of trust executed by her to secure their payment. Of the $3,000 paid by Hughes for these notes, $1,151.51 was paid by him to F. M. Newman to discharge the original purchase money notes held by him and the vendor's lien securing them. The remaining $1,818.74, after deducting certain expenses, was paid to E. V. Helge. On January 11, 1928, Augusta Helge reconveyed said land to E. V. Helge for a recited consideration of $9,000, $1,500 as cash, the assumption by him of the bond herein sued upon, and the cancellation of the five $894 notes theretofore executed by her to him.

E. V. Helge died testate prior to the filing of this suit, his will was duly probated, and administration of his estate still pending at the time of the trial hereof. Pending trial, after suit was filed, Augusta Helge died testate, her will was probated, and administration of her estate pending at the time of the trial hereof.

■ The first contention made by appellants is that under the facts and circumstances above outlined, the district court was without jurisdiction to try this cause, and that the probate court had exclusive jurisdiction of all the issues raised, because administration of the estates both of E. V. Helge and Augusta Helge was then pending in the probate court. This contention cannot be sustained. It is settled by the constitution, decisions, and statutes, as a general proposition, that the probate court has exclusive jurisdiction over the administration of estates, allowance and payment of claims against same, and settlement and distribution thereof, except where its powers are limited by the terms of a testator's will itself as authorized by Art. 3436, R.C.S. But this rule is not without exception.

■ In the instant case when Augusta Helge reconveyed said lands to E. V. Helge in January, 1928, who assumed the payment of the debt sued upon, as between them, E. V. Helge then became primarily liable thereon. But the holder of said indebtedness was not required to accept the new obligor unless it chose to do so. It still had the right to look to Augusta Helge, the maker, for the collection of its note, and the enforcement of its lien upon her failure to pay. This it did in the instant suit. As to this, the district court clearly had jurisdiction, so long as Augusta Helge

was alive. And having properly acquired jurisdiction over the subject matter of this suit, it is now settled that it retained such jurisdiction, though she died after suit was filed, and her will was probated. It was only necessary in such case to make the executor a party, and upon a determination of the issues involved, to certify the judgment to the probate court for performance. Lauraine v. Ashe, 109 Tex. 69, 191 S.W. 563, 196 S.W. 501; Farmers' & Merchants' Nat. Bank v. Jones, Tex.Civ.App., 254 S.W. 251; Art. 2080, R.S.; Art. 2222, R.S. So far as the estate of E. V. Helge was concerned, and the interests of the devisees under his will, no personal judgment was sought against any of them; and under the issues made by their pleadings, without setting out same here, it is manifest, we think, that all of such issues could not have been fully adjudicated by the probate court. And where jurisdiction of the probate court is inadequate for that purpose, then the district court has jurisdiction and may grant the necessary relief. Gregory v. Ward, 118 Tex. 526, 18 S.W.2d 1049; Lauraine v. Ash, supra; Griggs v. Brewster, 122 Tex. 588, 62 S.W.2d 980; Laubhan v. Peoria Life Ins. Co., 129 Tex. 225, 102 S.W.2d 399; Dempsey v. Gibson, Tex. Civ.App., 105 S.W.2d 423.

■■ The next contention made by appellants is that the use and occupancy of said premises by E. V. Helge and his family as a homestead all during the years 1927 and 1928, was effective notice to all parties of its homestead character and consequently appellees were not estopped to assert their homestead claim as against appellants' debt and lien. As a general rule, this contention is correct. But when E. V. Helge, joined by his wife, conveyed said property to Augusta Helge, accepted her vendor's lien notes in part payment therefor, said deed was duly recorded, and he sold and transferred a part of said notes to a third party, a part of the proceeds therefrom was used to pay off prior purchase money notes against the land, and the remainder paid to E. V. Helge, the purchaser of such notes was not required to look beyond the deed records on the issue of notice and the continued occupancy of the lands by the vendor will not preclude a recovery by the purchaser of the notes. Eylar v. Eylar, 60 Tex. 315; Welborn v. Earle, Tex.Civ.App., 268 S.W. 982; Ramirez v. Bell, Tex.Civ.App., 298 S.W. 924; Coskrey v. Morrison, Tex.Civ.App., 91 S. W.2d 902 (writ ref.); Strauss v. Fried-

man, Tex.Civ.App., 109 S.W.2d 553, 555; 22 Tex.Jur., § 122, p. 175. And it is clear from the record that appellees were innocent purchasers in good faith without notice of any homestead claim, and for full value of the notes in question.

Appellants also complain of the failure of the trial court to credit on the amount of the insurance company's debt the sum of $295 tendered in the pleadings of Ernest J. Helge, executor of the estate of E. V. Helge, for payment on said debt. The trial court made no disposition in its judgment of such tender but established the full amount of the insurance company's debt against the estate of Augusta Helge. By reasonable implication this was a refusal to so accept and apply such tender.

As above stated the insurance company sought no judgment for its debt against appellants nor against the estate of E. V. Helge. While the appellants and the estate of E. V. Helge, because of the reconveyance by Augusta Helge to E. V. Helge and his assumption of the payment of said debt, were undoubtedly entitled to pay off same to the insurance company and thus save said property from foreclosure; under the pleadings the insurance company was not entitled to recover any money judgment against them. It may have preferred to look to the estate of Augusta Helge instead to collect its debt. Nor is it shown that the insurance company cannot realize its debt from that source, without resort to sale of the land in question. If so, we see no reason why appellants cannot, when performance by the probate court of the district court's judgment is undertaken, protect themselves in whatever rights they have, through the probate court. In any event, the appellants asserted in the trial court an adverse interest to that of Ernest J. Helge, executor of the estate of E. V. Helge, who joined issue with them and was represented by different counsel. Nor did appellants adopt the pleadings of Ernest J. Helge, executor, in this regard. Neither Ernest J. Helge, as executor, nor the insurance company, has complained of the failure of the district court to allow as a credit on said debt the $295 tendered; nor appealed from the judgment in that respect. It may be seriously doubted whether appellants, under such circumstances, can do so on this appeal. However that may be, since the district court's judgment is certified to the probate court for performance, and the probate court still has jurisdiction of the estates of E. V. Helge and of Augusta Helge, we see no reason why appellants may not still have said sum credited upon the judgment in the probate court, and the amount of such debt reduced to that extent, if entitled to do so. Consequently the error, if any, asserted by appellants, even if they are entitled to assert it on this appeal, does not require a reversal.

Appellants also complain of the verdict instructed against them in their cross-action against Hughes, charging fraud on his part in what they allege was a mere subterfuge to mortgage their homestead; and insist that this issue should have been submitted to the jury. In this we think there was no error. Other than the documentary evidence of the transactions involved, and the testimony that E. V. Helge and family continuously occupied said premises as their homestead, only Hughes testified on the issue of fraud. His testimony is not in any manner contradicted that he knew nothing about any agreement, if any were had, between E. V. Helge and Augusta Helge; and that he relied entirely on what the deed records showed. As above stated, he was not required to go beyond this record, even had he known that E. V. Helge and family were still occupying said premises. There was, therefore, no competent evidence to go to the jury on this issue and the trial court properly instructed a verdict in his behalf.

The last contention made asserts error of the trial court in dismissing the cross-action of appellants against Ernest J. Helge, as executor of the estate of E. V. Helge, and against the sureties on his bond, charging misapplication and dissipation by him of the funds of said estate. Clearly there was no error in this. It is not controverted that said estate was still in process of administration and Ernest J. Helge still acting as executor thereof. Irrespective of the plea of misjoinder of such alleged cause of action with the foreclosure suit, and the plea of res adjudicata interposed, it is now settled that such a suit against an executor or administrator and his bondsmen will not lie until such estate has been closed, or such representative has died or been discharged. Buchanan v. Bilger, 64 Tex. 589; Wiren v. Nesbitt, 85 Tex. 286, 20 S.W. 128; 13 Tex.Jur., § 31, p. 617; 14 Tex.Jur. § 747, p. 578.

Finding no reversible error the judgment of the trial court will be affirmed.

Affirmed.